UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERITREAN ASSOCIATION OF GREATER SEATTLE,<br><br>Plaintiff,<br>v.<br><br>HENOCK TECKLE GEBREKIDAN et al.,<br><br>Defendant. | CASE NO. 3:24-cv-05517-DGE<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on its own review of the record. Plaintiff filed this case in federal court, alleging that the Court "has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000." (Dkt. No. 1 at 5.) Plaintiff asserts that the thirteen named Defendants "reside[] in" Maryland, California, Oklahoma, Texas, North Carolina, Georgia, Pennsylvania, and Kentucky. (*Id*. at 3–4.) Plaintiff asserts that Plaintiff, the Eritrean Association in Greater Seattle, is "organized and existing under the laws of Washington." (*Id*. at

ORDER TO SHOW CAUSE - 1

2.) However, Plaintiff's complaint does not identify each party's state of *citizenship*. As the Ninth Circuit explains:

> [T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (internal citations omitted); *see also E. Bay L. v. Ford Motor Co.*, 2015 WL 13926922, at *1 (9th Cir. May 15, 2015) (diverse residency is not sufficient to establish diversity jurisdiction). For purposes of identifying the citizenship of a corporation, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

"The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court . . . each plaintiff must be diverse from each defendant." *Lee v. American Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001). Failure to meet the requirements of the diversity statute for each defendant destroys "'complete diversity,' rendering the entire case beyond the federal court's power to decide." *Id.* at 1005. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857.

Accordingly, Plaintiff is ordered to show cause, no later than August 21, 2024, why this case should not be dismissed for lack of subject matter jurisdiction based on the failure to identify each party's state of citizenship. Alternatively, Plaintiff may file an amended complaint by such date addressing the deficiencies identified herein.

Dated this 14th day of August, 2024.

                                    David G. Estudillo
                                    United States District Judge

ORDER TO SHOW CAUSE - 3