UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERITREAN ASSOCIATION OF GREATER SEATTLE,

Plaintiff,

v.

HENOCK TECKLE GEBREKIDAN et al.,

Defendant.

CASE NO. 3:24-cv-05517-DGE

ORDER ON MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES (DKT. NO. 44)

## I INTRODUCTION

This matter comes before the Court on Plaintiff's motion to strike the affirmative defenses of Defendants. (Dkt. No. 44.) For the foregoing reasons, the Court GRANTS Plaintiff's motion.

## II BACKGROUND

Plaintiff Eritrean Association in Greater Seattle (EAGS) filed its First Amended Complaint August 21, 2024. (Dkt. No. 22.) On October 18, 2024, Defendants filed an Answer that included six affirmative defenses:

1. The Plaintiff has failed to state a claim upon which relief can be granted.
2. Consent
3. License
4. Lack of Damage
5. Lack of Knowledge
6. No intent

(Dkt. No. 36 at 19–20.) On December 13, 2024, Plaintiff moved to strike Defendants' affirmative defenses. (Dkt. No. 44.) Defendants responded (Dkt. No. 48) and Plaintiff replied (Dkt. No. 50.)

## III DISCUSSION

### A. Legal Standard

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *White v. Univ. of Washington*, No. 2:22-CV-01798-TL, 2023 WL 3582395, *2 (W.D. Wash. May 22, 2023). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). As with the other Rule 12 provisions, Rule 12(f) must be construed alongside the general pleading standards of Rule 8. *See* Fed. R. Civ. P. 8(b)(1)(A) ("In responding to a pleading a party must: state in short and plain terms its defenses to each claim asserted against it"), 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]").

The courts in this circuit are divided over what pleading standard governs an affirmative defense. While some have concluded that the heightened plausibility pleading standard outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies in the context of affirmative defenses, others maintain that the less demanding "fair notice" standard continues to apply. *See White*, 2023 WL 3582395, at *4 (collecting caselaw on both sides of the split); *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663, *2 (W.D. Wash. Apr. 29, 2020) (discussing the split and collecting caselaw.) In this district, courts have generally declined to adopt the heightened plausibility pleading standard for evaluating affirmative defenses. *See White*, 2023 WL 3582395 at *5 ("Absent clearer guidance from the Supreme Court or the Ninth Circuit, the Court declines to adopt the heightened plausibility pleading standard for asserting an affirmative defense"); *Am. Rsch. Cap. LLC v. H NU Photonics LLC*, No. C22-607-MLP, 2022 WL 22258089, *2 (W.D. Wash. Aug. 18, 2022) ("Although the Ninth Circuit has yet to definitively settle the issue, courts in this district have generally interpreted 'fair notice' to require something less than the factual specificity required of a complaint under *Iqbal/Twombly* while still providing some factual basis to the asserted defense"); *Grande*, 2020 WL 2063663, at *1–2 ("This Court … while not transplanting the heightened pleading standard of *Iqbal/Twombly* to affirmative defenses, will require (in the interests of fair notice) that Defendants provide at least some facts indicating the grounds on which the defense is based"); *Smith v. Bank of New York Mellon,* No. C19-0538-JCC, 2019 WL 3428744 (W.D. Wash. July 30, 2019) (same); *Bushbeck v. Chi. Title Ins. Co.*, No. C08-755, 2010 WL 11442904, *2 (W.D. Wash. Aug. 26, 2010) (same).

The Court finds the analysis in these opinions persuasive. Notably, the Ninth Circuit has approvingly referenced the fair notice standard rather than the *Twombly/Iqbal* standard in the

years after *Twombly* and *Iqbal*, which implies that the pleading standard has not changed. *See Garcia*, 918 F.3d at 1008; *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Moreover, a plain text reading of the differences in language between Rules 8(a)(2) and 8(c)(1) supports the conclusion that "the burden of showing an entitlement is heavier than that of stating something, even if both must be pleaded in 'short and plain' terms." *White*, 2023 WL 3582395 at *5 (quoting Fed. R. Civ. P. 8(b)). As the *White* court described: "a party asserting a claim—and therefore bearing the ultimate burden of showing its entitlement to relief—must plead 'a short and plain statement of the claim showing that the pleader is entitled to relief,' while [] a defending party must simply 'state in short and plain terms its defenses to each claim asserted against it' and 'affirmatively state any avoidance or affirmative defense[.]'" *Id.* (quoting Fed. R. Civ. P. 8(a), 8(b), 8(c)(1)); *see also Bushbeck*, 2010 WL 11442904, at *2 (noting the differences in language between Rules 8(a)(2) and 8(c)(1) and declining to apply the *Twombly/Iqbal* standard).

Accordingly, the Court assesses whether Defendants' affirmative defenses provide a "short and plain statement" that affords sufficient fair notice of the affirmative defense and the grounds upon which it rests. *See Grande*, 2020 WL 2063663, at *1–2; *Smith*, 2019 WL 3428744, at *1; *White*, 2023 WL 3582395, at *5. "Detailed factual allegations are not required—simply '[p]leading enough factual content to identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice' of the affirmative defenses to Plaintiff and the Court." *White*, 2023 WL 3582395 at *7 (quoting *Rosen*, 222 F. Supp. 3d at 802). "[A] party's mere reference to a legal doctrine or statutory provision without specifying the legal grounds and setting forth the elements of the defense does not provide sufficient notice." *Guirguis v. U.S. Bank Nat'l Ass'n as Tr. for GSR Mortg. Loan Tr. 2006-4F Mortg. Pass-*

*Through Certificate Series 2006-4F*, No. C18-1456-JCC, 2021 WL 779111, *2 (W.D. Wash. Mar. 1, 2021).

**B. Analysis**

1. First Defense: Failure to State a Claim

The Ninth Circuit is clear that failure to state a claim is not a proper affirmative defense. *See Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). As the *Smith* court explained, "[t]he assertion of failure to state a claim upon which relief can be granted is not an affirmative defense; rather, it challenges the legal or factual sufficiency of a plaintiff's claims, and necessarily means that the plaintiff cannot meet his or her burden of proof." *Smith*, 2019 WL 3428744 at *1; *see also White*, 2023 WL 3582395 at *6 ("Failure to state a claim for relief is not an affirmative defense"); *Bushbeck* 2010 WL 11442904, at *2–4 (same). Accordingly, the Court STRIKES Defendants' first affirmative defense without leave to amend.

2. Defenses Two Through Six

An affirmative defense "is an assertion raising new facts and arguments that, if true, would defeat the plaintiff's claim, even if the allegations in the complaint are true." *Ramirez v. Olympic Health Mgmt. Sys., Inc*., No. CV-07-3044-EFS, 2009 WL 1107243, *4 (E.D. Wash. Apr. 21, 2009) (emphasis added). Although detail factual allegations are not required, a Defendant must plead enough factual content to identify the factual grounds on which an affirmative defense rests and state the legal elements of the defense. *White*, 2023 WL 3582395 at *7; *Guirguis*, 2021 WL 779111, at *2. Defendants fail to provide Plaintiff with fair notice of the legal basis supporting their second, third, fourth, fifth, and sixth affirmative defenses. A

vague, single word reference to a legal doctrine—if what Defendants have provided can even be called that—does not suffice.

The Court therefore STRIKES Defendants' second, third, fourth, fifth and sixth affirmative defenses with leave to amend.

## IV CONCLUSION

Plaintiff's motion (Dkt. No. 44) is GRANTED. For the foregoing reasons, the Court STRIKES Defendants first affirmative defense without leave to amend and STRIKES defendants second through sixth affirmative defenses with leave to amend. If Defendants choose to file an amended answer, they must do so within 14 days of the date of this order.

Dated this 10th day of February, 2025.

David G. Estudillo
United States District Judge