UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERITREAN ASSOCIATION OF GREATER SEATTLE,<br><br>                   Plaintiff,<br>   v.<br><br>HENOCK TECKLE GEBREKIDAN et al.,<br><br>                   Defendant. | CASE NO. 3:24-cv-05517-DGE<br><br>ORDER GRANTING MOTION TO AMEND AFFIRMATIVE DEFENSES (DKT. NO. 57) AND DENYING STIPULATED MOTION (DKT. NO. 58) |

On February 10, 2025, the Court granted Plaintiff's motion to strike Defendants' affirmative defenses. (Dkt. No. 56.) The Court struck Defendants' second, third, fourth, and sixth affirmative defenses with leave to amend. (*Id*. at 6.) Defendants now move to amend their affirmative defenses Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15. (Dkt. No. 57 at 2.) Specifically, Defendants move to amend defenses two, three, four, five and six and also seek to add two additional defenses. (*Id*.)

After an initial 21-day period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Fed. R. Civ. P. 15(a)(2).

1   "Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R. Civ. P.
2   15(a)(2), and request for leave should be granted with 'extreme liberty.'" *Moss v. U.S. Secret*
3   *Service*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*,
4   244 F.3d 708, 712 (9th Cir. 2001)).  "Five factors are taken into account to assess the propriety
5   of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of
6   amendment, and whether the plaintiff has previously amended the complaint*.*" *Johnson v.*
7   *Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  The factors do not weigh equally; prejudice
8   receives greatest weight. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir.
9   2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there
10  exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

11         In this case, the Defendants acted without delay in filing the instant motion to amend
12  shortly after the Court granted Plaintiff's motion to strike Defendants' affirmative defenses.
13  (Dkt. No. 56.)  The Defendants have not previously sought to amend their Answer.  There is no
14  evidence of bath faith—indeed, the Court specifically granted Plaintiff's motion to strike
15  Defendant's affirmative defenses *with leave to amend*.  (Dkt. No. 56 at 6.)  The new defenses—
16  self-defense and a First Amendment defense—do not "greatly alter[] the nature of the litigation."
17  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  To the extent
18  Plaintiff may have to shift any litigation strategy, the case is still in its preliminary stages and
19  such a shift is not sufficient grounds alone to deny leave to amend.

20         Accordingly, the Court GRANTS Plaintiff's motion to amend.  (Dkt. No. 57.)

21         Additionally, the Court notes that the Parties filed a stipulated motion "to grant Plaintiff a
22  fifty-day extension to file any opposition to the motion to amend" on the day this case became
23  ripe for the Court's review—in other words, *after* such opposition was due.  (Dkt. No. 58.)  That
24

1  motion (Dkt. No. 58) is DENIED as moot.  Except under highly unusual circumstances, the

2  Court does not consider motions to amend deadlines that are filed after the relevant deadlines

3  have passed.

4      In sum, Defendants' motion (Dkt. No. 57) is GRANTED and the stipulated motion (Dkt.

5  No. 58) is DENIED.

6      Dated this 21st day of March, 2025.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION TO AMEND AFFIRMATIVE DEFENSES (DKT. NO. 57) AND DENYING STIPULATED MOTION (DKT. NO. 58) - 3