UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERITREAN ASSOCIATION OF GREATER SEATTLE,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>HENOCK TECKLE GEBREKIDAN et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:24-cv-05517-DGE<br><br>ORDER ON MOTION TO STRIKE (DKT. NO. 64) |

**I	INTRODUCTION**

This matter comes before the Court on Plaintiff's motion to strike Defendants' counterclaims, prayer for relief, and affirmative defenses. (Dkt. No. 64.) For the foregoing reasons, the motion is GRANTED IN PART AND DENIED IN PART.

**II	BACKGROUND**

Plaintiff filed its first amended complaint on August 21, 2024. (Dkt. No. 22.) On October 18, 2024, Defendants filed an answer that included six affirmative defenses:

1. The Plaintiff has failed to state a claim upon which relief can be granted.

ORDER ON MOTION TO STRIKE (DKT. NO. 64) - 1

      2.  Consent

      3.  License

      4.  Lack of Damage

      5.  Lack of Knowledge

      6.  No intent

(Dkt. No. 36 at 19–20.) The answer also included counterclaims for defamation and abuse of process. (*Id*. at 17–29.) Plaintiff moved to dismiss the two counterclaims. (Dkt. No. 43.) The Court granted the motion, finding that the factual allegations in the Complaint are privileged under Washington state law. (Dkt. No. 55 at 7–11.) Plaintiff also moved to strike Defendants' affirmative defenses. (Dkt. No. 44.) The Court granted the motion, striking the first affirmative defense without leave to amend and the second through sixth affirmative defenses with leave to amend. (Dkt. No. 56 at 6.)

    Defendants subsequently filed a motion to amend their affirmative defenses pursuant to the Court's order, requesting to add the affirmative defenses of free speech and self-defense. (Dkt. No. 57.) Plaintiff did not respond, and the Court granted the motion to amend. (Dkt. No. 60.) Defendants filed the amended answer, which once more included the previously dismissed counterclaims for defamation and abuse of process. (Dkt. No. 62.) Plaintiff subsequently moved to strike the counterclaims and amended defenses, arguing that Defendants continue to assert affirmative defenses that are "not recognized under the law" and pointing out that the Court already dismissed Defendants' counterclaims. (Dkt. No. 64 at 6.)

**III     DISCUSSION**

**A. Legal Standard**

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *White v. Univ. of Washington*, No. 2:22-CV-01798-TL, 2023 WL 3582395, *2 (W.D. Wash. May 22, 2023). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). As with the other Rule 12 provisions, Rule 12(f) must be construed alongside the general pleading standards of Rule 8. *See* Fed. R. Civ. P. 8(b)(1)(A) ("In responding to a pleading a party must: state in short and plain terms its defenses to each claim asserted against it"), 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]").

Thus, the Court assesses whether Defendants' affirmative defenses provide a "short and plain statement" that affords sufficient fair notice of the affirmative defense and the grounds upon which it rests. *See Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663, **1–2 (W.D. Wash. Apr. 29, 2020); *Smith v. Bank of New York Mellon*, No. C19-0538-JCC, 2019 WL 3428744, *1 (W.D. Wash. July 30, 2019); *White*, 2023 WL 3582395, at *5. "Detailed factual allegations are not required—simply '[p]leading enough factual content to identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice' of the affirmative defenses to Plaintiff and the Court." *White*, 2023 WL 3582395 at *7 (quoting *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016)). "[A] party's mere reference to a legal doctrine or statutory provision without specifying the legal grounds and setting forth the elements of the defense does not provide sufficient notice."

*Guirguis v. U.S. Bank Nat'l Ass'n as Tr. for GSR Mortg. Loan Tr. 2006-4F Mortg. Pass-Through Certificate Series 2006-4F*, No. C18-1456-JCC, 2021 WL 779111, *2 (W.D. Wash. Mar. 1, 2021).

### B. Discussion

First, the Court STRIKES Defendants' counterclaims; the Court already dismissed these exact claims after full briefing by the Parties. (*See* Dkt. No. 55.) The Court directs the Parties to its prior order for discussion thereon and admonishes Defendants for frivolously repleading claims dismissed by the Court. (*Id*. at 7–11.) Likewise, the Court STRIKES Defendants' prayers for relief based upon these counterclaims. (*See* Dkt. No. 62 at 26–27.)

As to the affirmative defenses, an affirmative defense "is an assertion raising new facts and arguments that, if true, would defeat the plaintiff's claim, *even if the allegations in the complaint are true*." *Ramirez v. Olympic Health Mgmt. Sys., Inc.*, No. CV-07-3044-EFS, 2009 WL 1107243, *4 (E.D. Wash. Apr. 21, 2009) (emphasis added). Defendants' second and third affirmative defenses—"express consent" and "license"—are not affirmative defenses under Washington law. Defendants do not dispute this and otherwise acknowledge such defenses "have not been used in a diversity case." (*See* Dkt. No. 68 at 6.) Accordingly, the Court STRIKES the second and third affirmative defenses. Plaintiff next asserts that "Defendants' fourth, fifth, and sixth affirmative defenses for lack of damage, knowledge, and intent are not recognized affirmative defenses because they are admitted elements of Plaintiff's claims." (Dkt. No. 64 at 14.) Plaintiff is correct. Negating the element of a claim is not an affirmative defense. The elements of a claim are what a plaintiff must prove to establish liability—for example, in a simple tort suit: duty, breach, causation, and damages. An affirmative defense, if proven, defeats liability *even if* all the elements of a claim are established. Accordingly, to the extent that

Defendants plan to argue that there was no damage, no knowledge, and no intent, those arguments are not affirmative defenses but rather negate the elements of Plaintiff's claims.[1] Defendants' claim of self-defense *is* an affirmative defense.  Thus, the Court STRIKES Defendants' fourth, fifth, and sixth affirmative defenses because they restate claim elements.

### IV   CONCLUSION

Accordingly, the motion to strike (Dkt. No. 64) is GRANTED IN PART AND DENIED IN PART.  The Court STRIKES Defendants' counterclaims and STRIKES Defendants' second, third, fourth, fifth, and sixth affirmative defenses.  The first and seventh affirmative defenses remain.

Dated this 10th day of June, 2025.

David G. Estudillo
United States District Judge

---

[1] Defendants may, of course, argue lack of damage, knowledge, and intent—these arguments are simply not affirmative defenses.