UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERITREAN ASSOCIATION OF GREATER SEATTLE,<br><br>               Plaintiff,<br>   v.<br><br>HENOCK TECKLE GEBREKIDAN et al.,<br><br>               Defendant. | CASE NO. 3:24-cv-05517-DGE<br><br>ORDER ON MOTION FOR PROTECTIVE ORDER (DKT. NO. 71) |

This matter comes before the Court on Plaintiff's motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c). (Dkt. No. 71.) "As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)). An exception exists under Federal Rule of Civil Procedure 26(c), which allows a party to move for a court order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(G). In the context of discovery, a party wishing to obtain a protective

ORDER ON MOTION FOR PROTECTIVE ORDER (DKT. NO. 71) - 1

order must demonstrate "good cause." Fed. R. Civ. P. 26(c). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *Phillips v. Gen. Motors*, 307 F.3d 1206, 1212 (9th Cir. 2002)). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Ind., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Defendants' motion "seeks to protect the thirteen named and represented Defendants from the disclosure of sensitive information that poses credible safety risks of serious retaliation, harassment, and transnational repression coordinated by the Eritrean government and its supporters, as well as protect the First Amendment privileges of each of the thirteen named Defendants, and the journalist's privilege of the Defendants Yonatan Tewelde, Henok Tekl Gebrekidan, and Saba Kidane Heritage." (Dkt. No. 71 at 2.) Although Defendants' declarations suggest that they may be entitled to a protective order of some kind, the instant motion fails to meet the good cause standard because it is utterly capacious and lacking in the required specificity. Simply put, the motion "fails to make a sufficient showing for each particular document, or group of similar documents, that specific prejudice or harm will result if no protective order is granted for such documents," and does not provide a "narrowly-tailored definition" of protected material for the documents and information Defendants seek to protect. *United States v. Arredondo*, No. CR-12-1055-PHX-FJM, 2012 WL 1946955, *2 (D. Ariz. May 30, 2012). Indeed, the proposed order defines "protected material" so broadly that entering the order would essentially result in a blanket protective order. (*See* Dkt. No. 71-1 at 101) ("'Protected' material shall include materials, information, and statements that are non-

disclosable pursuant this Court satisfying the compelling public interests of protecting Defendants from credible safety risk of serious retaliation, harassment, and transnational repression coordinated by the Eritrean government and its supporters."). As Plaintiff points out, this would "give Defendants the unfettered right to designate any testimony they wish in this case to be protected, thereby placing it beyond the reach of discovery, and rendering it inadmissible in these proceedings." (Dkt. No. 74 at 9.)

At bottom, Defendants do not even try to establish that "specific prejudice or harm" will result with respect to specific documents or information they wish to protect, because they do not explicate *what* documents or information should be protected. *C.f. United States v. Real Prop. Located in Los Angeles, California*, 345 F.R.D. 189, 192 (C.D. Cal. 2023). Thus, defendants have not "made the particularized showing necessary to sustain the protective order [they] seek" under Rule 26(C). *United States v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C. 1981).

Defendants' motion (Dkt. No. 71) is DENIED with leave to amend. Should Defendants wish to move again for a protective order, they must show that specific prejudice or harm that will result if no protective order is granted *as to each particular document or piece of information*—or specific category of documents or information—they seek to protect. *Foltz*, 331 F.3d at 1130; *see also* Local Rule 26(c) ("Parties that wish to depart from the model order must provide the court with a redlined version identifying departures from the model."). The Parties' stipulated motion to extend time (Dkt. No. 72) is DENIED as moot.

The Parties are also admonished to work together to draft an appropriate protective order and that the Court's model protective order found at the Court's website should be utilized. Modifications to the model protective order should be provided to the Court for review in a redline Word version.

Dated this 28th day of July, 2025.

_____
David G. Estudillo
United States District Judge