UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERITREAN ASSOCIATION OF GREATER SEATTLE,<br><br>                    Plaintiff,<br>         v.<br><br>HENOCK TECKLE GEBREKIDAN et al.,<br><br>                    Defendants. | CASE NO. 3:24-cv-05517-DGE<br><br>ORDER ON PLAINTIFF'S MOTION TO APPROVE DELIVERY METHOD OF SUBPOENA (DKT. NO. 117) |

Before the Court is Plaintiff's motion to approve the delivery method of a subpoena. (Dkt. No. 117.) Defendants indicated at oral argument on December 19, 2025 that they do not oppose this motion.[1]

The most recent discovery-related issue in this case arises out of Plaintiff's attempts to serve Dawit Gebregiorgis with a third-party subpoena. (*Id.* at 2.) Plaintiff states Gebregiorgis was present at the protest/riot at the heart of this case and believes Gebregiorgis has "both

---

[1] Under Local Civil Rule 7(b)(2), a party's failure to respond in opposition to a motion may be considered by the Court "as an admission that the motion has merit."

ORDER ON PLAINTIFF'S MOTION TO APPROVE DELIVERY METHOD OF SUBPOENA (DKT. NO. 117) - 1

1  testimony and records that are discoverable." (*Id.*) Accompanying Plaintiff's motion is the
2  Declaration of Todd Wyatt detailing the efforts Plaintiff has undertaken to serve Gebregiorgis
3  with the third-party subpoena. (*See* Dkt. No. 118.) Plaintiff first attempted to serve
4  Gebregiorgis via Tim Rusk, who represented Gebregiorgis in a 2023 civil anti-harassment case
5  in King County, Washington. (*Id.* at 2.) Rusk apparently no longer represents Gebregiorgis, so
6  Plaintiff next endeavored to serve Gebregiorgis at his home in Tacoma. (*Id.*) Gebregiorgis
7  apparently works on Joint Base Lewis McCord "in a civil capacity," which Plaintiff states makes
8  service there "extremely difficult." (Dkt. No. 117 at 2.)

9      Plaintiff's process server Alex Samoylenko attempted service eight times between
10 August 5 and August 12, 2025, at Grebregiorgis's home. (Dkt. No. 118 at 4–5.) In his
11 declaration, Samoylenko described various attempts where he could hear movement in the
12 apartment, but nobody responded to his knocks; other times he saw someone look through the
13 peephole and walk away. (*Id.* at 5.) Samoylenko confirmed with a neighbor that Gebregiorgis
14 resided there. (*Id.*) Based upon his personal knowledge and observation, Samoylenko declared
15 Gebregiorgis was "knowingly and willfully evading service of process" and had "deliberately
16 concealed [his] whereabouts within the premises" when he became aware of attempts to
17 effectuate service. (*Id.*)

18     Plaintiff next hired a private investigator named Roger Platt to hand deliver the subpoena.
19 (*Id.* at 2.) In his affidavit, Platt described attempting to serve Gebregiorgis at his home several
20 times between August 12 and August 14. (*Id.* at 7.) He learned from a neighbor which car
21 belonged to Gebregiorgis and located it in "a space that he normally parked at." (*Id.*)
22 Apparently, on August 14, Platt saw "a male that matched the description" of Gebregiorgis
23 emerge from his apartment; when Platt approached and asked him to confirm his identity, "he
24

ORDER ON PLAINTIFF'S MOTION TO APPROVE DELIVERY METHOD OF SUBPOENA (DKT. NO. 117) - 2

turned and ran back to the apartment and did not respond or emerge again despite [Platt's] efforts to communicate through the door." (*Id.*)  Platt left after 30 minutes.  (*Id.*)

Plaintiff states it is seeking an order approving delivery of the subpoena via U.S. Mail, Certified Mail, leaving a copy at Gebregiorgis's doorstep, and via email to both Gebregiorgis and his former counsel Rusk.  (Dkt. No. 117 at 2.)  Plaintiff states delivery will ensure Gebregiorgis receives notice and will avoid motions practice later should the subpoena need to be enforced, which, according to Plaintiff, "appears a likely outcome." (*Id.*)

Third-party subpoenas must be served in compliance with Federal Rule of Civil Procedure 45(b)(1), which provides in relevant part: "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person[.]"  Though there is no Ninth Circuit published opinion interpreting this provision, "many lower courts have interpreted it as requiring personal service." *Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, No. CV-17-04140-PHX-DWL, 2019 WL 3208114, at *2 (D. Ariz. July 16, 2019) (citing *Fujikura Ltd. v. Finisar Corp.*, Case No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (collecting cases)).  However, there is a "growing—although still minority—trend" that allows substitute service of a Rule 45 subpoena, such as mail delivery, as long as the method of service is "reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *Fujikara*, 2015 WL 5782351, at *5.  "Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." *Id.*  Other courts in this district have considered this issue and allowed for substituted service. *E.g.*, *Kleiman v. Wright*, Case No. 2:20-cv-00593-BJR, 2020 WL 2107710, at *2 (W.D. Wash. Apr. 24, 2020); *Kantor v. Big Tip*

ORDER ON PLAINTIFF'S MOTION TO APPROVE DELIVERY METHOD OF SUBPOENA (DKT. NO. 117) - 3

*Inc.*, 2:15-cv-01871-RAJ, 2017 WL 2634207, at *1 (W.D. Wash. June 19, 2017) (citing *Tubar v. Clift*, Case No. C05-1154-JCC, 2007 WL 214260, at *5 (W.D. Wash. Jan. 25, 2007)).

Here, Plaintiff has demonstrated evidence of such diligence. Though Plaintiff first attempted to serve Gebregiorgis's former attorney, it also made more than ten attempts at personal service over more than ten days, using both a process server and a private investigator, to effectuate service of the subpoena. (*See* Dkt. No. 118 at 4–5, 7.) Both Samoylenko and Platt declared that Gebregiorgis willfully evaded service on multiple occasions, going so far as to physically run from Platt. (*Id.*) Other courts in this circuit have allowed for substituted service after less dedicated attempts. *See Toni Brattin & Co., Inc. v. Mosaic Int'l, LLC*, Case No. 15–mc–80090–MEJ, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015) (failed service twice at defendant's place of business and four times at the defendant owner's home); *Chambers v. Whirlpool Corp.*, Case No. SA CV 11–1733 FMO (JCGx), 2016 WL 9451361, at *3 (C.D. Cal. Aug. 12, 2016) (personal service attempted three times); *Wyo Tech*, 2019 WL 3208114, at *1 (same). The Court is therefore satisfied that Plaintiff has diligently attempted to personally serve Gebregiorgis and agrees another approach is warranted.

"Service by certified mail comports with due process as it is reasonably calculated under the circumstances to provide [the defendant] with both notice and an opportunity to present objections." *Toni Brattin*, 2015 WL 1844056, at *4 (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). The Court is aware of at least one case where service has been permitted via email, but in that case, the parties attempting service believed the third party they wanted to subpoena no longer lived in the state of Wyoming and "'seem[ed] to travel there only rarely as well.'" *Wyo Tech*, 2019 WL 3208114, at *2–3.

ORDER ON PLAINTIFF'S MOTION TO APPROVE DELIVERY METHOD OF SUBPOENA (DKT. NO. 117) - 4

In this case, substitute service via U.S. mail and certified mail comports with due process and is "reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *Fujikara*, 2015 WL 5782351, at *5; *see also Prima Air Grp. LLC v. Prero*, Case No. 2:23-cv-09773-FLA-SSC, 2025 WL 1416230, at *3 n.3 (C.D. Cal. Mar. 12, 2025) (authorizing substituted service by "USPS, FedEx, DHL [or] UPS"). In addition to the use of U.S. mail, leaving a copy of the subpoena at the witness's residence and sending a copy via email would assist in ensuring the witness receives delivery of the subpoena.

The Court therefore GRANTS Plaintiff's motion. (Dkt. No. 117.) Plaintiff is granted leave to deliver the third-party subpoena using alternative means. Accordingly, Plaintiff shall deliver this Order and the subpoena to nonparty Dawit Gebregiorgis (1) by both regular U.S. Mail and Certified Mail to Gebregiorgis's residence, (2) by physically leaving copies at the front door of Gebregiorgis's residence, and (3) by emailing copies to Gebregiorgis and his former attorney at their last known email address. All three delivery methods shall be employed together to achieve delivery of the subpoena to Gebregiorgis.

Dated this 5th day of January 2026.

David G. Estudillo
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO APPROVE DELIVERY METHOD OF SUBPOENA (DKT. NO. 117) - 5