THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERITREAN ASSOCIATION OF
GREATER SEATTLE,

                Plaintiff,

      v.

HENOCK TECKLE GEBREKIDAN et al.,

                Defendants.

CASE NO. 3:24-cv-05517-DGE

JOINT DISCOVERY DISPUTE
STATEMENT

The parties jointly submit this discovery disputed statement:

## DEFENDANTS ISSUES

1. Videos & Social Media Posts not Disclosed

    a. Volume 3: EAGS is working on. If there are videos and social media posts that haven't been disclosed. No idea when it will be complete/turned over.

        i. EAGS has not disclosed.

    b. Unknown, if EAGS has videos will be turned over. Unsure about the format.

JOINT DISCOVERY
DISPUTE STATEMENT – 1

Stockwell Law Firm PLLC
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

i. EAGS has not disclosed.

2. General Deficiencies

    a. For 29 people, Mr. Wyatt will provide addresses, phone#, and subjects of info. EAGS supposed to update with those Monday by Noon, have not received.

        i. EAGS has not disclosed.

3. Rog Responses Damage

    a. EAGS does not claim vendors property as damages but claims EAGS had to reimburse vendors for damage to their property under their contact with the vendors.

        i. EAGS has not disclosed.

    b. EAGs Owned food equipment, will turn over documents pertaining to damages.

        i. EAGS has not disclosed.

    c. Non EAGs property, will turn over proof of contracts/payment to vendors by Monday by Noon.

        i. EAGS has not disclosed.

    d. Will confirm whether a search for responsive communications has been done. Monday by Noon.

        i. EAGS has not disclosed.

4. NCEA Communications.

    a. EAGS to confirm search for any written coms and will confirm/deny relationship with other entities Monday by Noon.

JOINT DISCOVERY
DISPUTE STATEMENT – 2

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

i.  EAGS has not disclosed.

5.  Non-Responsive to Document Requests to Establish no coordination/relationships

   a.  Denies providing money to any org and therefore no responsive documents, however we have received no financial records or other requested communications verifying this.

      i.  EAGS has not disclosed.

6.     EAGs Initial Disclosures Deficient

   a.  EAGS indicated it will get things organized as to how they are responsive. Will send an Index with BATES# corresponding to RFPs.

      i.  EAGS has not disclosed.

   b.  Rule 26 Initial Disclosure deficiencies, EAGS agreed, firm commitment on Monday by Noon.

      i.  EAGS has not disclosed.

7.  FRCP 34, EAGS believes there are no insurance agreements, but will confirm Monday by Noon.

   a.  EAGS has not disclosed.

8.  Expert Disclosure Deficiencies

   a.  Damages will provide opinion on Monday on whether/what they intend to supplement in any way.

   b.  EAGS agrees we are entitled to everything in FRCP 26.

      i.  EAGS has not disclosed.

### PLAINTIFF'S ISSUES

JOINT DISCOVERY
DISPUTE STATEMENT – 3

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

1.  Plaintiff's statement does not accurately reflect the status of the discussions between Mr. Wyatt and Mr. Jones.  Specifically, Mr. Wyatt emailed Mr. Jones on Monday at 11:44 a.m. stating:

Julian,

Following up on the topics we discussed and my promise to get you an update by noon today.  I am still tracking down some information, but to confirm where I am so far:

1.  For the 29 persons, many of them are the defendants.  I assume I can skip those.  For everyone else, I am working on the list and will give you another update by the end of the week.
2.  For the non-EAGS property, my client believes all the records they have were included in the disclosures so far (under the insurance tab of the documents in Volume 1).  I will review these and confirm these are indeed the responsive documents (more on organization below per no. 5).
3.  We are doing a double-check search for EAGS internal emails to the organizations we discussed.  From my understanding, we don't have any, but we are going to search again to confirm.  Once that is complete, I will update you and provide a confirmation in writing.
4.  Similarly, we will agree (this is issue 2e) that for purposes of the festival, we will search for responsive emails concerning festival planning with the embassy.
5.  I can confirm that we are going to provide an index showing the bates ranges of documents and which RFPs they correspond to.
6.  I am working to get the testimonial history and deposition history of the experts.  That will be provided.

2.  Numerous issues were brought to the fore in a deposition today (January 28) concerning what Defendants did, and did not, do to search for responsive documents.  Nevertheless, since Mr. Wyatt (who conducted the deposition) has not yet had a chance to confer with Mr. Jones regarding the issues, he will wait until a conference occurs before he burdens the Court with the questions presented.

JOINT DISCOVERY
DISPUTE STATEMENT – 4

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

Respectfully submitted,

Dated: January 28, 2026

**STOCKWELL LAW FIRM PLLC**
By:   */s/ Christopher J. Stockwell*
CHRISTOPHER J. STOCKWELL
WSBA #50001
Attorney for Named Defendants
3300 E Union Street, Suite 108
Seattle, WA 98122
T: 206-929-3111
E: todd@wdlawgroup.com

Dated: January 28, 2026

**WYATT GRONKSKI PLLC**

By:   *Agreed via Email on 1/28/26*
TODD WYATT, WSBA #31608
Attorneys for Plaintiff
ERITREAN ASSOCIATION IN GREATER SEATTLE
540 Newport Way NW, Suite 200
Issaquah, WA 98027
T: 425-395-7784
E: todd@wdlawgroup.com

JOINT DISCOVERY
DISPUTE STATEMENT – 5