THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERITREAN ASSOCIATION OF
GREATER SEATTLE,

                    Plaintiff,

     v.

HENOCK TECKLE GEBREKIDAN et al.,

                    Defendants.

CASE NO. 3:24-cv-05517-DGE

JOINT DISCOVERY DISPUTE
STATEMENT

The parties jointly submit this discovery disputed statement:

**<u>DEFENDANTS ISSUES</u>**

1. During discovery it was identified that a small number of individual defendants had not completed a thorough and responsive search in response to Plaintiff's Request for Production. While Defense admits that some of the Defendants may have been deficient in their search, we assert that this is due to the language barrier, a lack of technological sophistication, and/or impossibility (e.g. one client admitted he had not searched his personal computer in response to a request for production instructing him

JOINT DISCOVERY
DISPUTE STATEMENT – 1

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

to do so because he does not and never has owned a personal computer). This explanation is in keeping with what our clients have asserted when I have questioned them about the deficiencies and is a simpler explanation than the asserted conspiracy between the thirteen defendants.

2. Recognizing that regardless of the reason for the deficiency Defendants are obligated to conduct a responsive search in response to Plaintiff Request for Production, defense counsel has issued new, more explicit, instructions to ensure every Defendant. These instructions were drafted and then provided to the Defendants in both English and Tigrinya on February 2nd and will help ensure that any Defendant who has not already done so, completes a responsive search. Any newly located responsive discovery that is not privileged will be reviewed and turned over to Plaintiff.

3. While Plaintiff asserts that Defendants have made social media posts, sent emails, and posted videos that have not been produced, it is entirely possible that Defendants are (1) simply no longer in possession or control of these materials, (2) were unable to locate these materials despite conducting a responsive search, or (3) these materials will be located and turned over as a result of the additional search currently being conducted. Furthermore, it appears that Plaintiff is already in possession of a number of these materials, mitigating any potential prejudice.

4. Defendants are concerned about the accuracy of the translations provided in the depositions for which a translator was required. Neither of Plaintiff's provided translators are certified or licensed to work as translators anywhere in the United States. One of the translators admitted to having previously worked for an agency of the Eritrean government as a translator. This raises questions as to the accuracy and

JOINT DISCOVERY
DISPUTE STATEMENT – 2

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

reliability of the translations provided in these depositions, and defendants repeatedly disagreed with portions of translations made in real time. As Plaintiff was responsible for providing the translator, and a translator certified to translate in Washington was identified in a previous status hearing before this Court, it is unclear why a certified translator was not provided for these depositions. While the defense is opposed to reopening any of the depositions that have already been completed, we will ask the Court to require Plaintiff to bear the cost of these depositions if they need to be reopened.

5. Mr. Wyatt has asked Defendants' counsel(s) to accept service on Defendants Saba Heritage and Awet Tsehaye of third-party subpoenas for documents on EriSat and Bayto Yiakl USA. We have not accepted service and do not intend to accept service, and to our knowledge these subpoenas have not been served on these defendants or entities whatsoever. It is standard for federal subpoenas for documents to allow 14 days to respond. At the time of filing, there is not even 14 days until the close of discovery, any service of these subpoenas at this point would leave an unreasonably short period of time to respond. Also, the fact that EAGS wants to serve these subpoenas on these Defendants through Defendants' counsel(s) creates a strong inference that this is not a true request to find usable evidence, but is yet one more attempt to persuade this court to keep discovery open for the foreseeable future. It's worth noting that this Court has indicated on the record that written discovery is over, but EAGS now seeks to serve "third-party" subpoenas on these Defendants, which does not even look like third-party requests, just a method to circumvent this Court's ruling that there will be no more written discovery.

JOINT DISCOVERY
DISPUTE STATEMENT – 3

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

6. Defendants have been raising this issue in status hearings for weeks, and indicating on the record that this never-ending discovery period is severely prejudicing the Defendants, and allowing EAGS to effectively "win" the case by financial attrition without ever having to prove anything or try a case at all.

### PLAINTIFF'S ISSUES

7. There are numerous issues both Plaintiff and Defendants have raised that Mr. Jones and Mr. Wyatt are still working out and do not require court intervention at this time. Mr. Wyatt remains confident most, if not all, of these issues will be resolved.

8. One issue that is ready for Court intervention, or at least guidance on how to proceed, is Defendants' responses to Requests for Production.  Plaintiff has discovered that despite responding to Requests for Production in early January 2026 by largely claiming no or very little responsive documentation exists, many Defendants have admitted in their depositions in recent weeks that they in fact *did not search for responsive material as required by the rules*.  Furthermore, Plaintiff knows from social media postings, and other sources, that many Defendants have made statements, sent emails regarding, or taken videos of the riot that Defendants have not produced.

9. It is difficult to overstate the problems these revelations pose.  For one, Plaintiff now has reason to believe that Defendants have, amongst themselves, coordinated to deny Plaintiff discovery.  To be clear, we are not accusing Mr. Jones or Mr. Stockwell of wrongdoing.  We are accusing Defendants themselves, however, of engaging in a pattern to thwart discovery and hide critical evidence.

10. Plaintiff would like to present a full record to this Court of these admissions and the problems it causes for justice to occur in this case.  That is obviously beyond the scope

JOINT DISCOVERY
DISPUTE STATEMENT – 4

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

of this Joint Status Report, but at the next hearing we would like to discuss the process of getting this information to the Court and coming to terms on a remedy for these broad discovery violations.  Plaintiffs have spent tens of thousands of dollars over the last month taking depositions of deponents who, despite stating under CR 11 they could not find or did not possess responsive information, were simply not being candid.  The open issues to discuss at the next hearing include: (a) what will Defendants do to remedy their failures to date – that is, how can we and the Court be sure they will comply with the Requests for Production, and (b) what process should be employed by the parties and the Court to present a full record to the Court about these violations.  Simply put, on this last issue, full briefing is needed, as the scope of the problems presented are vast.

11. Mr. Jones and Mr. Wyat have discussed this issue.  Mr. Jones has agreed that new searches are warranted.  Mr. Wyatt has proposed that, at a minimum, Defendants should have to reimburse Plaintiff for depositions Plaintiff took based on CR 11 representations from Defendants that turned out not to be true.

12. Mr. Wyatt also asked that, to help mitigate the damage to Plaintiff, certain Defendants accept service of third-party subpoenas to organizations that may have received certain videos (or other evidence) from Defendants that were not produced by Defendants in this litigation.  For example, there is an entity named EriSat in California.  Defendant Saba Heritage is the registered agent and Board Chair.  On its YouTube channel, EriSat has posted videos of the riot, many of which Plaintiff has reason to believe came from Defendants but were never produced (and many of which were highly edited on the EriSat channel).  Mr. Wyatt asked that Defendant Heritage accept service

JOINT DISCOVERY
DISPUTE STATEMENT – 5

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

to EriSat of a subpoena for all of these videos (and importantly, the raw footage) and communications concerning the same. Mr. Jones said he would check with his clients, but at the time of drafting (11:00 a.m. on February 4), no confirmation has been received.

Respectfully submitted,

Dated: February 4, 2026

**STOCKWELL LAW FIRM PLLC**
By:   *By Agreement on 2/4/26*
        JULIAN N. JONES, WSBA #64129
        Attorney for Named Defendants
        3300 E Union Street, Suite 108
        Seattle, WA 98122
        T: 206-929-3111
        E: julian@stockwelllawfirm.com

Dated: February 4, 2026

**STOCKWELL LAW FIRM PLLC**
By:   */s/ Christopher J. Stockwell*
        CHRISTOPHER J. STOCKWELL
        WSBA #50001
        Attorney for Named Defendants
        3300 E Union Street, Suite 108
        Seattle, WA 98122
        T: 206-929-3111
        E: chris@stockwelllawfirm.com

Dated: February 4, 2026

**WYATT GRONKSKI PLLC**

By:   *Agreed via Email on 2/4/26*
        TODD WYATT, WSBA #31608
        Attorneys for Plaintiff
        ERITREAN ASSOCIATION IN GREATER SEATTLE
        540 Newport Way NW, Suite 200
        Issaquah, WA 98027
        T: 425-395-7784
        E: todd@wdlawgroup.com

JOINT DISCOVERY
DISPUTE STATEMENT – 6