THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERITREAN ASSOCIATION OF
GREATER SEATTLE,

     Plaintiff,

  v.

HENOCK TECKLE GEBREKIDAN et al.,

     Defendants.

CASE NO. 3:24-cv-05517-DGE

JOINT DISCOVERY DISPUTE
STATEMENT

The parties jointly submit this discovery disputed statement:

**<u>DEFENDANTS ISSUES</u>**

1. Defense is still waiting for Plaintiff to address deficiencies identified in earlier discovery requests and meet and confer meetings which include but is not limited to:

 a. An index of "volume 1" which indicates to which of the Defendant's RFPs the documents are supposed to respond to.

 b. What communications, if any, EAGS had with the Eritrean Embassy, the PFDJ, or any Eritrean government officials pertaining to the festival hosted in

JOINT DISCOVERY
DISPUTE STATEMENT – 1

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

Tacoma, August 2023. Plaintiff asserts that no such material exists despite previously acknowledging that EAGS has coordinated timing of their festivals and events with some of these groups in the past. Further, Defendants have reason to believe that EAGS has had, and continues to have, ongoing communication with the Eritrean Embassy and NCEA regarding the Tacoma festival and this lawsuit. This is based in part on a Zoom meeting that took place on March 28th, 2024, that included fundraising for EAGS by the Eritrean Embassy and NCEA and bolstered by numerous photos of high ranking EAGS members attending meeting with high level Eritrean government and PFDJ officials.

    i. Defendants seek the Zelle records of Efrem Mahari (the president of EAGS) which upon information and belief will show coordination in fundraising between EAGS and the Eritrean Embassy, PFDJ and or the NCEA. No such records have been produced.

Defense believes that there are records not being turned over by Plaintiff and would ask the court for permission to file a motion to compel, or in the alternative, for Plaintiff to complete a "Declaration of Search" similar in nature to that which the defendants in this case completed. Such a declaration would outline what, when, and where the Plaintiff searched for responsive communications and swear to have turned over all located responsive communications.

2. Defense maintains that under Rule26(a)(2), Plaintiff has not provided expert reports that conform to the rules. The written reports received do not contain:

    a. Signatures

JOINT DISCOVERY
DISPUTE STATEMENT – 2

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

     b.   The compensation to be paid to the expert witnesses.

     c.   Publication History

     d.   Trial or Deposition testimony offered in the last four years by either expert.

Defense seeks amended written reports that conform to the rule.

3. Ultimately while Defense remains open to continuing to meet and confer with the Plaintiff on these issues, the progress has been slow and for the sake of efficiency, a motion to compel may be appropriate to ensure continued progress towards the end of discovery.

### PLAINTIFF'S ISSUES

1. Plaintiff's issues are being raised in the motion to compel filed on Friday, March 13.

2. Plaintiff will provide the index requested by Monday, March 16.

3. Plaintiff is happy to share the search terms it used to search for responsive emails and documents. That will be provided.

4. Plaintiff opposes any new discovery to individuals regarding their personal financial transactions. There are no individual plaintiffs. Defendants have not sought to depose any individuals (or a corporate representative of Plaintiff). And new discovery on individual donations to Plaintiff (a non-profit) is unrelated to the issues in this case. While how and whether Defendants coordinated amongst themselves is directly relevant to their joint liability, planning, and intent to commit the torts at issue in this matter, no such facts are relevant to Plaintiff. Finally, such information was never sought by Defendants until now.

JOINT DISCOVERY
DISPUTE STATEMENT – 3

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

5. Plaintiff has already provided the expert information requested, save for compensation, which they will provide.

Respectfully submitted,

Dated: March 12, 2026           **STOCKWELL LAW FIRM PLLC**

By:     */s/ Julian N. Jones*
        JULIAN N. JONES
        WSBA #64129
        Attorney for Named Defendants
        3300 E Union Street, Suite 108
        Seattle, WA 98122
        T: 206-708-9023
        E: julian@stockwelllawfirm.com

Dated: March 12, 2026           **WYATT GRONKSKI PLLC**

By*:*    *notified by email 3/12/2026*
        TODD WYATT, WSBA #31608
        Attorneys for Plaintiff
        ERITREAN ASSOCIATION IN GREATER SEATTLE
        540 Newport Way NW, Suite 200
        Issaquah, WA 98027
        T: 425-395-7784
        E: todd@wdlawgroup.com

JOINT DISCOVERY
DISPUTE STATEMENT – 4

Stockwell Law Firm PLLC
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111