The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

ERITREAN ASSOCIATION IN GREATER SEATTLE, a Washington Not for Profit Corporation,

Plaintiff,

vs.

HENOCK TECKLE GEBREKIDAN, a Maryland citizen, SABA KIDANE HERITAGE, a California citizen, AWET TSEHAYE, an Oklahoma citizen, ELEN TESFAGHIORGHIS, a Texas citizen, SOLOMON  GEBREYESUS, a California citizen, YORDANOS GEBREMICHAEL GEBREGIORGIS, a California citizen, TEMESGHEN KAHSAY, a North Carolina citizen, HAILE ANGESOM TSEADA, a California citizen, AFEWERKI TESFAMARIAM, a Georgia citizen, YONATAN TEWELDE, a Pennsylvania citizen,  ESAYAS TEWOLDE TESFAMICAEL, a Pennsylvania citizen, GEBREHIWET TEKLEHAIMANOT, a California citizen, HADUSH BRHANE, a Kentucky citizen, and DOES 1 through 150, inclusive,

Defendants.

Case No. 3:24-cv-05517-DGE

**[PROPOSED] ORDER GRANTING MOTION FOR SANCTIONS UNDER RULE 37**

**NOTE ON MOTION CALENDAR: APRIL 13, 2026**

**ORAL ARGUMETN REQUESTED**

[PROPOSED] ODER RE MOTION FOR SANCTIONS
CASE NO. 3:24-cv-05517-DGE

Having considered Plaintiff Eritrean Association in Greater Seattle's ("EAGS") Motion for Sanctions, the supporting papers, the record in this case, and good cause appearing, the Court hereby GRANTS the Motion and ORDERS as follows:

## I.      FINDINGS

1.      The Court issued a Minute Discovery Order on February 18, 2026, requiring each Defendant to sign a declaration identifying and describing with specificity what documents and materials they looked for, where they looked, and what they found. On February 18, 2026, the Court issued a Minute Discovery Order requiring each Defendant to sign a declaration identifying and describing with specificity what documents and materials they looked for, where they looked, and what they found.

2.      Defendants failed to comply with the February 18, 2026 Order. None of the thirteen Defendants documented "what they found," and no Defendant produced any document in response to the Court's Order.

3.      Plaintiff propounded written discovery seeking core materials regarding the August 5, 2023 events and Defendants' related communications and finances, to which Defendants collectively provided minimal or no production and appeared at depositions without documents. By January 16, 2026, Defendants collectively produced just 151 pages of records, and no defendant appeared at deposition with documents Plaintiff's December 15, 2025 Requests for Production sought, among other things, photos, videos, communications among co-defendants, letters to government officials, and financial records relating to the gathering, bus ride, and Festival.

4.      Despite the Court twice denying protective orders, Defendants continued to invoke constitutional objections to withhold ordinary records. The Court twice denied Defendants' motions for protective orders and Defendants persisted in asserting constitutional objections, including by Defendant Yordanos Gebremichael Gebregiorgis to Request for Production No. 4.

[PROPOSED] ORDER RE MOTION FOR SANCTIONS
CASE NO. 3:24-cv-05517-DGE - 1

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

5. Multiple Defendants destroyed or concealed responsive materials after litigation commenced, including removal or deletion of social media content and failure to disclose accounts, posts, or "Plan A" letters. Plaintiff identified unproduced and, in many instances, deleted or concealed social media posts and accounts for Defendants Elen Tesfaghiorghis, Yordanos Gebremichael Gebregiorgis, Temesghen Kahsay, Haile Angesom Tseada, Afewerki Tesfamariam, Gebrehiwet Teklehaimanot, Hadush Brhane, Henock Teckle Gebrekidan, Saba Kidane Heritage, Solomon Gebreyesus, Yonatan Tewelde, and Esayas Tewolde Tesfamicael, including Plan A letters and videos related to the riot.

## II.     SANCTIONS UNDER RULE 37

### A.     Establishment of Facts

6. Pursuant to Rule 37(b)(2)(A)(i), the following facts are taken as established for purposes of this action as to the disobedient Defendants:

a. That Defendants organized and coordinated the pre-riot gathering and activities relating to the August 5, 2023 Festival, including through social media communications and posts;

b. That "Plan A" letters were coordinated and sent by multiple Defendants to government officials seeking cancellation of EAGS's Festival permits and interference with EAGS's contractual relationships; and

c. That Defendants trespassed on EAGS's Festival grounds and interfered with EAGS's property and vendor relations during the August 5, 2023 events.

### B.     Evidentiary Preclusion

7. Pursuant to Rule 37(b)(2)(A)(ii), each Defendant is prohibited at trial from supporting or opposing claims or defenses, or introducing evidence, concerning any matters that should have been produced in discovery but were not, including:

a. Social media content (posts, videos, messages), coordination communications, and financial records concerning travel, lodging, transportation, and funding for the gathering, bus ride, or Festival that were not produced;

[PROPOSED] ORDER RE MOTION FOR SANCTIONS
CASE NO. 3:24-cv-05517-DGE - 2

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

C.    Defaults

8.    Pursuant to Rule 37(b)(2)(A)(vi), default judgment is entered against the following Defendants, each of whom refused to produce any documents in response to Plaintiff's requests and the Court's Order:

a.    Afewerki Tesfamariam;

b.    Hadush Brhane;

c.    Temesghen Kahsay; and

d.    Haile Angesom Tseada

The Court will set a separate schedule for submissions regarding the form and scope of judgment.

D.    Contempt and Adverse Inferences

9.    Pursuant to Rule 37(b)(2)(A)(vii), the following Defendants are adjudged in contempt for failure to obey the Court's February 18, 2026 Minute Order and for spoliation of evidence, and the following adverse inferences shall apply at trial:

a.    Elen Tesfaghiorghis: Adverse inference that deleted and withheld social media content, including the 7/17/2023 "operation of Lampedusa" post, reflected organization and direction of the August 5, 2023 attack

b.    Hadush Brhane: Adverse inference that deleted TikTok and Facebook content showed coordination and direction of rioters on the Festival grounds

c.    Temesghen Kahsay: Adverse inference that deleted TikTok and Facebook content, including a Facebook livestream, showed coordinating and participating in the riot

E.    Fees and Costs

10.    Pursuant to Rule 37(b)(2)(C), EAGS is awarded its reasonable attorneys' fees and costs caused by Defendants' failure to comply with discovery obligations and the Court's Order. EAGS incurred fees and costs investigating Defendants' social media, submitting public disclosure requests, analyzing Defendants' declarations, moving to compel, and preparing the

[PROPOSED] ORDER RE MOTION FOR SANCTIONS
CASE NO. 3:24-cv-05517-DGE - 3

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

instant motion Plaintiff shall file a fee declaration within fourteen (14) days of this Order;

Defendants may file any response within fourteen (14) days thereafter; reply within seven (7)

days.

**III.    ADDITIONAL DIRECTIVES**

11.    Stay. All further proceedings as to non-defaulted Defendants are stayed pursuant

to Rule 37(b)(2)(A)(iv) until full compliance with this Order and any further discovery directives

the Court may issue

12.    Compliance Declarations. Within twenty-one (21) days, each non-defaulted

Defendant shall file a sworn declaration detailing: (a) all devices, accounts, locations, and

repositories searched; (b) all search terms and date ranges used; (c) a list of each responsive

document or item found; and (d) a certification that all responsive materials have been produced.

Failure to comply may result in additional sanctions, including further issue sanctions,

evidentiary preclusion, monetary sanctions, or default.

IT IS SO ORDERED.

DONE IN OPEN COURT this _____ day of April, 2026.

_____
The Honorable David G. Estudillo

*PREPARED AND PRESENTED BY:*
**PROMETHEUS PARTNERS
 L.L.P.**

 By:  */s/ Eduardo G. Roy*
EDUARDO G. ROY
PRO HAC VICE

Attorneys for Plaintiff

ERITREAN ASSOCIATION IN
 GREATER SEATTLE

[PROPOSED] ORDER RE MOTION FOR SANCTIONS          PROMETHEUS PARTNERS L.L.P.
CASE NO. 3:24-cv-05517-DGE - 4                    1950 Broadway, 30th Floor, Suite 3011
                                                       Oakland, CA 94612
                                                        415-527-0255