THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERITREAN ASSOCIATION OF
GREATER SEATTLE,

               Plaintiff,

   v.

HENOCK TECKLE GEBREKIDAN et al.,

               Defendants.

CASE NO. 3:24-cv-05517-DGE

DEFENDANTS' RESPONSE
OPPOSITION TO PLAINTIFF'S
MOTION DKT. NO. 162-1

## I.      __INTRODUCTION__

Plaintiff's motion to compel and for sanctions overreaches the bounds of permissible discovery and should be denied. Plaintiff seeks discovery that is disproportionate to the needs of the case under Rule 26(b)(1), presses for invasive measures untethered to Rule 34's framework for requests and production, and demands sanctions without meeting Rule 37's standards. The record demonstrates that Defendants have conducted reasonable, custodian-focused searches across devices, email, social media, cloud storage, and financial accounts; produced targeted materials; and supplemented post-deposition, with sworn declarations

DEFENDANTS' RESPONSE OPPOSITION TO
PLAINTIFF'S MOTION DKT. NO. 162-1
1

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

detailing dates, sources, methods, and ongoing supplementation commitments. Plaintiff's request for intrusive forensic imaging is unnecessary where the relevant media largely resides on third-party public platforms (including EriSAT/YouTube/Facebook) and not on personal devices, and where Defendants have already identified, collected, and produced the materials within their possession, custody, or control.

Compelling the broad associational, membership, and source-identifying discovery Plaintiff seeks would also chill core First Amendment rights. Defendants' activities involve protected protest, petitioning, and journalistic functions, and counsel has asserted journalistic privilege to protect confidential sources and safety, underscoring the need for narrow tailoring and protective measures to avoid deterring lawful association and expression. On this record— of documented proportional efforts, targeted productions, and meaningful coordination— sanctions are unwarranted, forensic imaging is unjustified, and Plaintiff's sweeping motion should be denied.

## II.    FACTUAL BACKGROUND

This action, Eritrean Association in Greater Seattle v. Henock Teckle Gebrekidan, et al., Case No. 3:24-cv-05517-DGE, is pending in the United States District Court for the Western District of Washington at Tacoma before the Honorable David G. Estudillo and involves Plaintiff Eritrean Association in Greater Seattle ("EAGS") and multiple individual Defendants.

In December 2025, Plaintiff served document requests on multiple Defendants that, among other things, sought "all video footage taken of and all documents and electronic records that pertain to" the August 2023 gathering and related events, expressly sweeping in materials posted or collected from social media platforms such as YouTube, TikTok, EriSAT, EriPM, Meta, X (Twitter), Instagram, and Facebook.

DEFENDANTS' RESPONSE OPPOSITION TO
PLAINTIFF'S MOTION DKT. NO. 162-1
2

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

As an example, Plaintiff's Request for Production No. 1 to Defendant Yordanos Gebregiorgis demanded all video footage and all documents and electronic records RELATED TO the August 4, 2023 "GATHERING," including content provided to or collected from others and shown on YouTube, TikTok, EriSAT, EriPM, Meta, X (Twitter), Instagram, and Facebook.

Similarly, Plaintiff's Request for Production No. 1 to Defendant Elen Tesfaghiorghis sought "All video footage taken of, and all DOCUMENTS and ELECTRONIC RECORDS that pertain to, memorialize, evidence, or that were generated at or for and are RELATED TO the GATHERING," with the same expansive social media and broadcast scope.

Plaintiff served substantively identical demands on other Defendants, including Defendant Esayas Tewolde Tesfamicael, seeking broad categories of video, documents, and electronic records relating to the "GATHERING."

Across these sets, Defendants objected that the requests were overly broad, unduly burdensome, lacked reasonable particularity, and swept in materials protected by the First Amendment—including expressive content, political association, and journalistic work product—while also noting serious safety concerns tied to transnational repression; Defendants nonetheless identified or produced non-privileged responsive items where available and indicated withholding of privileged or constitutionally protected materials.

Defendants' First Amendment objections consistently invoked protections for political association, expressive activity, and journalistic work recognized by authorities such as *NAACP v. Alabama* and *Perry v. Schwarzenegger*.

Defendants also articulated that compelled disclosure of associational information would chill protected expression, expose members and supporters to harassment, retaliation,

DEFENDANTS' RESPONSE OPPOSITION TO
PLAINTIFF'S MOTION DKT. NO. 162-1
3

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

or intimidation, and raise concerns of transnational repression by the Eritrean government and affiliates.

In addition, certain Defendants expressly asserted that their outreach to public officials regarding the festival was an exercise of First Amendment speech and petition rights.

Notwithstanding objections, some Defendants identified and agreed to produce discrete categories of non-privileged responsive materials (e.g., posters, flyers, selected social media items), while reserving First Amendment and privilege protections for associational and journalistic material.

For example, Defendant Esayas Tewolde Tesfamicael identified a Facebook video link responsive to the requests, subject to stated objections.

Defendant Yonatan Tewelde produced a set of EriSAT/YouTube program links documenting the protest-related media coverage, along with photographs, and further identified additional items such as a festival promotion poster and annotated materials in response to separate requests.

Defendant Henok Teckle Gebrekidan identified and produced 14 photographs taken the night before the demonstration in response to Plaintiff's requests.

Defendants also made supplemental productions, including financial and travel records post-deposition, and indicated their commitment to continued supplementation where appropriate.

A coordinated supplemental production occurred in February 2026, bearing Bates numbers "Def Dx Production February 2026:000001" through at least "000096."

Defendants undertook structured custodian searches using date ranges and targeted keywords and certified completeness, including by Defendant Henok Teckle (searches on

May 8, 2025; January 9, 2026; and February 7, 2026; with certification on February 22, 2026).

Defendant Elen Tesfaghiorghis likewise conducted searches from January 15 to February 10, 2026 for the period June 1, 2023 to present, using specified keywords, and certified completeness on February 22, 2026.

Defendant Esayas Tesfamicael executed a declaration of search efforts on February 21, 2026, detailing January and February 2026 searches for the June 2023–present period and certifying completeness and supplementation.

Defendant Afewerki Tesfamariam's declaration, executed February 22, 2026, identified searches across devices, email, social media/messaging (Facebook, WhatsApp, TikTok), financial accounts, physical locations, photos, and videos, and committed to prompt supplementation.

Consistent with those declarations, Defendant Tesfamariam testified that he searched text messages, emails, photos, and videos, including Gmail keyword searches (e.g., "peaceful protest," "festival," "Eritrean government") in the days before his January 29, 2026 deposition.

Defendant Henok Teckle Gebrekidan also explained that live coverage resided on EriSAT social media rather than his personal devices, and he identified and turned over the photographs he possessed.

Defendant Esayas Tewolde Tesfamicael confirmed production of three photographs and two video links located via WhatsApp and sent materials available on his phone.

DEFENDANTS' RESPONSE OPPOSITION TO
PLAINTIFF'S MOTION DKT. NO. 162-1
5

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

Defendant Yonatan Tewelde described conducting searches on his computer and cellphone using terms such as "Seattle" and "Eritrean festival," and producing a documentary and four television programs to counsel.

Defense coordination meetings were held to ensure timely and complete responses, with direction to "make sure everybody was aware of it and they respond to our attorney in a timely manner."

Defendants emphasized meeting production deadlines and returning documents before counsel's specified dates.

In addition to Rule-based objections, Defendants' RFA responses reflected safety and associational concerns; for example, objections to RFA 28 explained that responding would endanger safety given evidence Plaintiff is acting in coordination with the Eritrean government consistent with patterns of transnational repression.

Objections to RFA 43 similarly noted risks of intimidation or silencing of critics through transnational repression and asserted those safety concerns in declining to provide associational details.

Defendants also acknowledged petitioning activity as constitutionally protected, stating they exercised freedom of speech and the right to petition in communications to government officials.

Against this backdrop, Plaintiff's present motion seeks overbroad and punitive discovery relief untethered to Rule 26(b)(1)'s proportionality limits, divorced from Rule 37's sanctions standards, and insensitive to significant First Amendment associational and journalistic interests.

DEFENDANTS' RESPONSE OPPOSITION TO
PLAINTIFF'S MOTION DKT. NO. 162-1
6

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

Among other intrusive measures, Plaintiff presses for device forensic imaging notwithstanding the targeted searches, certifications, and productions Defendants have already undertaken and committed to continue.

### III.    LEGAL AUTHORITY

#### A. Federal Rule of Civil Procedure 26: Scope and Proportionality

The scope of discovery under Rule 26 is limited to nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Rule 26 requires courts to consider the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The party seeking discovery bears the initial burden to demonstrate relevance, and the court must deny or limit discovery that is disproportionate to the needs of the case. Rule 26 also authorizes the court to limit discovery that is unreasonably cumulative or duplicative, obtainable from a more convenient or less burdensome source, or where the burden or expense outweighs the likely benefit. When a motion to compel seeks broad, intrusive, or burdensome categories of information without tailoring to claims and defenses, Rule 26 requires denial or substantial narrowing to ensure proportionality and to protect against undue burden.

#### B. Federal Rule of Civil Procedure 34: Particularity and Reasonable Particularity in Requests

Fed. R. Civ. P. 34 requires that document requests describe items to be produced with reasonable particularity, specify a reasonable time, place, and manner for inspection, and avoid vague, overbroad, or catch-all formulations. A request that fails to identify the

categories of documents with reasonable particularity, or that demands "all documents relating to" expansive subject areas without clear limitations, is improper and not subject to enforcement through a motion to compel. Rule 34 does not permit compelled production in response to requests that are facially overbroad, ambiguous, or not proportional to the needs of the case. Where requests lack particularity or impose undue burden, the proper remedy is denial or narrowing of the requests consistent with Rule 26's proportionality mandate.

### C. First Amendment Associational Protections and the Chilling Effect

Discovery that intrudes upon associational rights triggers First Amendment scrutiny. Compelled disclosure of membership, internal communications, or donor information can chill the freedom of association by deterring individuals from participating in expressive or advocacy activities. Courts have long recognized that forced disclosure may subject members to "economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility," thereby infringing associational freedoms protected by the First Amendment. *See NAACP v. Alabama. See Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 78 S. Ct. 1163, 2 L. Ed. 2d 1488 (1958). When a party demonstrates a prima facie showing that disclosure will burden associational rights, the court must balance the competing interests and require the party seeking discovery to show a sufficiently important interest and a narrow tailoring that minimizes the chilling effect. *See* Perry v. Schwarzenegger, 591 F.3d 1147 (9th Cir. 2010).

Under this framework, discovery into internal strategies, membership or supporter identities, donor information, and nonpublic associational communications is disfavored absent a strong showing of relevance, necessity, and unavailability from less intrusive sources. Even where some disclosure may be warranted, courts must employ protective

DEFENDANTS' RESPONSE OPPOSITION TO
PLAINTIFF'S MOTION DKT. NO. 162-1
8

Stockwell Law Firm PLLC
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

measures, including narrowing requests, sequencing discovery, and entering robust protective orders, to ensure that any compelled production is strictly limited and does not unnecessarily chill protected association. The Fed. R. Civ. P. 26 proportionality factors reinforce this constitutional analysis by requiring a close fit between the requested materials and the issues in dispute, and by disallowing broad fishing expeditions that risk substantial First Amendment harm.

## IV.   **ARGUMENT**

**A. Plaintiff's Requests Are Not Proportional to the Needs of the Case Under Rule 26(b)(1)**

Defendants have conducted targeted, custodian-focused searches across devices, email accounts, social media and messaging platforms, financial records, cloud storage, and physical files tailored to the July–August 2023 timeframe. In doing so, they used focused keywords and certified completeness and ongoing supplementation under penalty of perjury, and produced multiple sworn declarations document date-bounded and keyword-guided searches of phones, laptops, emails, Facebook/Messenger, WhatsApp, Instagram, TikTok, YouTube, cloud accounts, and bank/credit records. *See* Exhibit 1 to this response: Declaration of Afewerki Tesfamariam, highlights at p. 2-3; Declaration of Awet Tsehaye, highlights at p. 5-6; Declaration of Saba Kidane Heritage, highlights at p. 8-9; Declaration of Elen Tesfaghiorghis, highlights at p. 11-13; Declaration of Esayas Tesfamicael, highlights at p. 14-16; Declaration of Gebre Tekle, highlights at p. 17-19; Declaration of Hadush Berhane Segid, highlights at p.20-22; Declaration of Haile Tsaeda, highlights at p. 23-25; Declaration of Henok Gebrekidan, highlights at p. 26-30; Declaration of Solomon Ghebreyesus Assefaw, highlights at p.31-33; Declaration of Temesghen Kahsay, highlights at p.35-38; Declaration of

DEFENDANTS' RESPONSE OPPOSITION TO PLAINTIFF'S MOTION DKT. NO. 162-1
9

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

Yonatan Tewelde, highlights at p.39-43; Declaration of Yordanos Gebremichael, highlights at p. 44-46.

These declarations include: by Defendants Henok Teckle, Elen Tesfaghiorghis, Esayas Tesfamicael, Solomon Ghebreyesus Assefa, Hadush Berhane Segid, Gebre Tekle, Haile Tsaeda, Temesghen Kahsay, Yordanos Gebregiorgis, and Yonatan Tewelde, explanations that live streams and broadcasts at issue were posted to organizational channels, such as EriSAT's Facebook/YouTube, and not stored on personal devices, underscoring that duplicative device-level collection would be burdensome and unnecessary.

Supplemental production in February 2026, reflected by Bates "Def Dx Production February 2026:000001" through at least "000096," confirms ongoing, iterative compliance rather than deficiency. *See* Exhibit 2 filed with this brief. Given these sworn efforts and the public availability of core media on third-party platforms, Plaintiff's bid to replicate discovery across numerous personal devices is overbroad and not proportional to the needs of the case.

**B. Rule 37 Sanctions Are Unwarranted Because Defendants Have Complied and Acted in Good Faith**

Defendants have produced responsive materials, supplemented post-deposition with items such as bank statements and travel records, and repeatedly committed to prompt supplementation, conduct inconsistent with willful noncompliance or bad faith.

Representative of these efforts and commitment, a post-deposition supplement includes Capital One billing records showing July–August 2023 United Airlines travel charges, produced in the ordinary course of supplementation. Depositions and sworn declarations reflect that defendants searched, identified, and produced materials within their possession—such as photographs, letters, and links—and explained where responsive media

DEFENDANTS' RESPONSE OPPOSITION TO
PLAINTIFF'S MOTION DKT. NO. 162-1
10

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

resided on third-party platforms outside their custody, which does not constitute sanctionable conduct.

Plaintiff's complaints about access to deposition exhibits are addressed by the record's acknowledgment that exhibits accompany certified transcripts from the court reporter, undermining any claim of gamesmanship warranting sanctions.

## C. Plaintiff's Demands Implicate First Amendment Associational and Journalistic Protections

Defendants' activities concern protest, petitioning public officials, and media coverage—core First Amendment associational and expressive functions—warranting cautious discovery tailored to avoid chilling protected rights Counsel asserted journalistic privilege to protect confidential sources based on safety concerns, instructing a client not to disclose source identities tied to aired content These associational and journalistic interests are implicated by Plaintiff's demands for expansive disclosure of membership, communications, and media sources, reinforcing the need for narrow tailoring and protective measures

## D. The Extraordinary Remedy of Forensic Imaging Is Neither Justified nor Proportional

Defendants have already performed detailed, sworn searches and produced available materials, while explaining that relevant live-streamed content is maintained on EriSAT's public social media channels rather than on personal devices Where content resides on third-party platforms beyond defendants' personal custody and control, imaging personal devices

DEFENDANTS' RESPONSE OPPOSITION TO
PLAINTIFF'S MOTION DKT. NO. 162-1
11

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

would be an invasive, duplicative measure disconnected from the actual location of the data sought. Testimony confirms that produced documentary programming contains footage referenced in exhibits, demonstrating that conventional, proportional collection has been effective and that device imaging is unnecessary.

**E.  Defendants Have Produced and Agreed to Further Produce Responsive Materials; Plaintiff's Characterizations Do Not Overcome the Record**

The record reflects production of letters to public officials, brochures and posters, photographs, video links, and broadcast programs, with continued supplementation commitments. Defendant Esayas Tewolde Tesfamicael produced three photographs and two video links located from his phone and WhatsApp, and other defendants explained the absence of device-resident video where coverage was streamed to organizational channels. Defendants coordinated to meet deadlines and ensure timely responses, including relaying obligations, forwarding requests and objections, and confirming that requested documents were turned in, further negating claims of bad faith. Plaintiff's assertion that materials were withheld is contradicted by sworn declarations of comprehensive searches and the February 2026 supplemental production, which collectively demonstrate diligence and ongoing compliance. *See* Exhibits filed with this brief generally.

**F.  Summary of Arguments**

Defendants conducted reasonable, custodian-focused, and proportional searches tailored to the relevant period across devices, email, social media/messaging platforms,

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

financial accounts, cloud storage, and physical locations, using targeted keywords and date filters, and documented those efforts under oath with commitments to promptly supplement.

The record reflects ongoing supplementation, including a February 2026 production bearing Bates range "Def Dx Production February 2026:000001" through at least "000096," as well as post-deposition productions such as bank and travel records.

Where Plaintiff seeks device imaging, the materials at issue substantially reside on third-party public platforms (including EriSAT's Facebook and YouTube channels), not on personal devices, and multiple Defendants explained that livestreams and broadcasts were posted to organizational channels, demonstrating that intrusive imaging is unnecessary and disproportionate. The existing record demonstrates proportional efforts, meaningful compliance, targeted supplementation, and constitutionally significant interests that foreclose the extraordinary and punitive relief Plaintiff seeks.

Rule 37 sanctions are unwarranted because Defendants have produced responsive materials, supplemented after depositions, and certified continued supplementation—conduct incompatible with willful noncompliance or bad faith. Moreover, Plaintiff's requests intrude upon First Amendment associational and journalistic interests, including asserted journalistic privilege and safety concerns regarding confidential sources, warranting heightened caution and protective tailoring in discovery.

## V.    CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion to Compel, for sanctions, and for forensic imaging, and Defendants respectfully request that this Court DENY

DEFENDANTS' RESPONSE OPPOSITION TO
PLAINTIFF'S MOTION DKT. NO. 162-1
13

Stockwell Law Firm PLLC
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

Plaintiff's Motion to Compel in full; deny Plaintiff's request for sanctions; and deny Plaintiff's request for forensic imaging.

Respectfully submitted,

Dated: April 2, 2026                    **STOCKWELL LAW FIRM PLLC**

By:    */s/ Julian N. Jones*
       JULIAN N. JONES
       WSBA #64129
       Attorney for Named Defendants
       3300 E Union Street, Suite 108
       Seattle, WA 98122
       T: 206-708-9023
       E: julian@stockwelllawfirm.com

DEFENDANTS' RESPONSE OPPOSITION TO
PLAINTIFF'S MOTION DKT. NO. 162-1
14

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

☒    Eduardo G Roy
PROMETHEUS PARTNERS LLP
555 MONTGOMERY ST
STE 708
SAN FRANCISCO, CA 94111
415-370-4375
Email: eduardo.roy@prometheus-law.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

☒    **Todd W Wyatt**
WYATT GRONSKI PLLC
371 NE GILMAN BLVD
SUITE 260
ISSAQUAH, WA 98207
425-395-7784
Fax: 425-837-5396
Email: todd@wdlawgroup.com
*ATTORNEY TO BE NOTICED*

DATED this 2nd day of April 2026.

By:    */s/ Julian N. Jones*
JULIAN N. JONES
WSBA #64129
Attorney for Named Defendants
3300 E Union Street, Suite 108
Seattle, WA 98122
T: 206-708-9023
E: julian@stockwelllawfirm.com

DEFENDANTS' RESPONSE OPPOSITION TO
PLAINTIFF'S MOTION DKT. NO. 162-1
15

**Stockwell Law Firm PLLC**
3300 E Union Street #108
Seattle, WA 98112
(206) 929-3111