The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

ERITREAN ASSOCIATION IN GREATER SEATTLE, a Washington Not for Profit Corporation,

Plaintiff,

vs.

HENOCK TECKLE GEBREKIDAN, a Maryland citizen, SABA KIDANE HERITAGE, a California citizen, AWET TSEHAYE, an Oklahoma citizen, ELEN TESFAGHIORGHIS, a Texas citizen, SOLOMON  GEBREYESUS, a California citizen, YORDANOS GEBREMICHAEL GEBREGIORGIS, a California citizen, TEMESGHEN KAHSAY, a North Carolina citizen, HAILE ANGESOM TSEADA, a California citizen, AFEWERKI TESFAMARIAM, a Georgia citizen, YONATAN TEWELDE, a Pennsylvania citizen,  ESAYAS TEWOLDE TESFAMICAEL, a Pennsylvania citizen, GEBREHIWET TEKLEHAIMANOT, a California citizen, HADUSH BRHANE, a Kentucky citizen, and DOES 1 through 150, inclusive,

Defendants.

Case No. 3:24-cv-05517-DGE

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL, FOR SANCTIONS, AND FOR FORENSIC IMAGING (DKT. 162-1)**

**NOTE ON MOTION CALENDAR: APRIL 13, 2026**

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS AND FOR FORENSIC IMAGING (DKT 162-1)
CASE NO. 3:24-cv-05517-DGE

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

## I.  INTRODUCTION

Plaintiff urges the Court to grant its motion for sanction, in part, for four key reasons. First, Defendants and their counsel fail to address the call or the Court's February 18, 2026, Minute Order, which mandated Defendants sign declarations describing both: (a) the efforts each took to locate documents and electronic records requested by Plaintiff in discovery in compliance with the Court's order; and (b) "what they found".  Defendants did not disclose in their February 25th declarations what they found; and the Defendants' Opposition continues their silence on disclosing any information regarding the results of their search.

Second, in an act of deception on this court, Defendants' counsel seeks to mislead this Court by asserting that Julian Jones, Esq. provided documents responsive to the Court's Minute Order in a February production of the 96 documents attached as Exhibit 2 to his supporting declaration; and that production included the financial records Plaintiff claims were withheld by Defendants. Counsel withheld from the Court that their February 12th production was made nearly a week before the Court issued its February 18, 2026, Minute Order, and two weeks before the Defendants served their February 25, 2026, declarations.  Hence, that earlier production was not in response to the Court's order.  In response to this court's order, Defendants produced no documents.  Also seeking to deceive the Court, the Defendants Opposition provides that Defendants produced financial records without referencing where the Court could find them.  Those records are nowhere to be found in the Court's record.[1]  Third, Defendants' Opposition concedes that many defendants submitted discovery responses so blatantly non-conforming that they warranted sanctions, and the same Defendants failed to

---

[1] That production included no financial records, and no records whatsoever from Defendants Hadush Birhane, Haile Angesom Tseada nor Henok Gebrekidan.  The Defendants' Opposition also continues its counsel's practice of failing to cite authority it its papers where Defendants only cite to *NAACP v. Alabama* and *Perry v. Schwarzenegger* at p. 8., In January 2025, this Court admonished Defendants' counsel noting, "A party's failure to cite legal authority in support of its position suggests either there is no authority to sustain its position or that it expects the court to do its research." (Docket 55 at p. 6:16 – 18, citing *Goldberg for Jay Peak, Inc. v Raymond James Fin., Inc.* No. 16-21831-CIV, 2017 WL 7791546, *(S.D. Fla Mar. 27, 2017).)

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS
AND FOR FORENSIC IMAGING (DKT. 162-1)
CASE NO. 3:24-cv-05517-DGE - 1

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

produce either any records whatsoever, or a few incidental meaningless records .[2]   Defendants Awet Tsehaye, Elen Tesfaghiorghis, Esayas Tesfamicael, Henok Gebrekidan, Saba Heritage Kidane, Yordanos Gebreghiorghis, and Yonatan Tewelde went so far as to destroy evidence after litigation commenced. [3]   This Court. Should treat as contempt of court the failure of Defendants Awet Tsehaye, Elen Tesfaghiorghis, Esayas Tesfamicael, Henok Gebrekidan, Saba Heritage Kidane, Yordanos Gebreghiorghis, and Yonatan Tewelde to comply with the February 18, 2026, Minute Order and their affirmative destruction of responsive evidence after litigation commenced.  Those abuses remain uncorrected, sanctionable and warranting of defaults.

Lastly, rather than addressing Plaintiff's claims for relief, Defendants resurrect the same objections this Court has repeatedly rejected. (See, Dkt. No. 79 dated 7/27/2025 at pp.2, 3, denying Defendants' motions for protective order based upon a claim of potential harm to the 13 Defendants, an assertion of their respective First Amendment Rights and a claim of journalistic privilege by Defendants Yonatan Tewelde, Henok Gebrekidan and Saba Kidane Heritage.) Plaintiff should not be obligated to relitigate defenses that have already been summarily rejected by this Court.  Asserting these failed defenses yet again, in their Opposition, is not the vehicle for doing so and is tantamount to contempt.[4]  On the other hand,  if the Defendants had

---

[2] See page 5 below in discussing Defendants Afewerki Tesfamariam, Elen Tesfaghiorgis, Ghebrehiwet Teklehaimanot, Hadush Birhane, Haile Tseada, Henok Gebrekidan, Saba Kidane Heritage, Solomon Gebreyesus, Temesghen Kashay and Yordanos Gebregiorgis.

[3] See pages 5 and 6 below in discussing Awet Tsehaye, Elen Tesfaghiorghis, Esayas Tesfamicael, Henok.Gebrekidan, Saba Heritage Kidane, Yordanos Gebreghiorghis, and Yonatan Tewelde.

[4] See Motion at p. 17, where Plaintiff argued,

> The reassertion of a legally foreclosed objection to obstruct document production is not a discovery dispute—it is contempt by another name. (See, *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (Rule 37 sanctions appropriate where party's "pattern of conduct reveals that the violations were not accidental or inadvertent"). Where a party has been told by the Court that a particular objection is improper and then reasserts that same objection to withhold responsive documents, the conduct goes beyond noncompliance and becomes willful obstruction of court orders. Rule 37(b)(2)(A) authorizes sanctions for exactly this.

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS
AND FOR FORENSIC IMAGING (DKT 162-1)
CASE NO. 3:24-cv-05517-DGE - 2

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

conducted good faith searches requested by the Court and new responsive records were "found" that were privileged and objectionable, Defendants could have identified such records in a privilege log. But there is no privilege log and there is no evidence of a good faith search.

## II. ARGUMENT

In Plaintiff's Opening Motion for Sanctions Plaintiff cited Federal Rule of Civil Procedure 37 and supporting case law at pages 5, 6 , 21 and 22 , and argued that flagrantly violating a court's discovery order may warrant *both* the relief listed at p. 6[5] and as monetary sanctions EAGS's recovery of its attorney's fees and costs. (See, Motion at p. 21:24 – 27 and p. 22:1 – 8; "Rule 37(b)(2)(C) provides that in addition to any other sanction, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially

---

Previously, Defendants sought a protective order claiming First Amendment and journalistic privileges, which the Court denied. (Dkt No. 79.) Yet without merit, Defendants claim these same privileges (Opposition at p. 88 – 26, p. 9:1- 6 and 11:8- 18), knowing that the Court has already ruled against them; and only defendants Yonaton Tewelde, Henok Gebrekidan and Saba Heritage Kidane have claimed to be journalists. (Id. at p. 2:12, 13) But the three have testified that, at times pertinent to the parties' disputes Mr. Gebrekidan acted as both an "activist" and a journalist and a "demonstrator and a journalist" (see, the Reporter's Transcript to his 02/02/2026 deposition at p. 102:10 -13, 17, 18); Ms. Saba Kidane Heritage appeared at the Festival protest as a private citizen and not as a journalist (see, the Reporter's Transcript to her 01/16/2026 deposition at p. 83:21 – 25); and Mr. Tewelde sent a so-called click-to-send Plan A email to the Mayor of Seattle agreeing with its content as a private individual and not as a journalist. (*See*, the Reporter's Transcript to his 06/30/2025 deposition at pp. 146, 147, where Mr. Tewelde agreed that the act of sending that email was the conduct of an activist, not a journalist.)

[5] These include:
1. directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
2. prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
3. striking pleadings in whole or in part;
4. staying further proceedings until the order is obeyed;
5. dismissing the action or proceeding in whole or in part;
6. rendering a default judgment against the disobedient party; or
7. treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
   Fed.R.Civ.P. 37(b)(2)(A).

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS
AND FOR FORENSIC IMAGING (DKT 162-1)
CASE NO. 3:24-cv-05517-DGE - 3

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

justified or other circumstances make an award of expenses unjust."  . .  The mandatory language—"must" -- leaves no discretion where, as here, there is no plausible justification for the conduct. Every Defendant received identical discovery requests" . . . . and  "An award of fees and costs in favor of EAGS is mandatory." )

At pages 10 and 11 of Defendants Opposition, Defendants failed to address and therefore tacitly admit that under Rule 37 and the supporting case law cited by Plaintiff, the relief sought by Plaintiffs would be justified *if* this Court finds Defendants to have flagrantly violated its Minute Order.  The operative language in the Minute Order required Defendants to provide with specificity what they found through their respective good faith search efforts, yet Defendants failed to provide that specificity. (*See*, Opposition at p. 10, 11 and Dkt. No. 145, the Court's Minute Order at p.1:20 – 23.)  Furthermore, nowhere in Defendants' Opposition will the Court find the operative word "found".  Instead, Defendants contend they have complied with the Minute Order by conducting the searches required of them, having produced responsive records, which allegedly include a Capital One billing record and a United Airline travel charge, and photographs, letters and links.  (Opposition at pp. 10: 21-26; p. 11:1 – 2.[6])  Elsewhere throughout its Opposition Defendants refer to a "Supplemental production in February 2026", "Exhibit 2 filed with its brief", albeit intentionally omitting that Defendants made their production far before the relevant period. (See, Opposition at pp. 4:20 – 24; 10:10 – 12; 12:19 – 20 and p. 13:3 – 5, and Decl. of Julian Jones, Esq. at p. 2:1.)

The Court's February 18, 2026 Minute Order expressly required each Defendants to "sign a declaration identifying and describing with specificity what documents and material they looked for, where they looked and **what they found**." (See Plaintiff's motion at p. 2:8 – 12; Dkt. No. 145, at p. 1:21 – 23., emphasis added.)  Yet, Defendants have not complied with the Minute Order and their collective defiance of it has been flagrant, and purposefully to contravene this court's order.

---

[6] Plaintiff asks that the Court require Defendants' counsel to identify which Defendant or Defendants produced financial records and to point them out in Defendants' Court filings.

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS
AND FOR FORENSIC IMAGING (DKT 162-1)
CASE NO. 3:24-cv-05517-DGE - 4

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

1. **None Of The Defendants' Declarations Given Under Oath Identify What They Found In Response to the Court's 2/18/2026 Order, And None Have Produced Any Records In Response to That Order.**

While Defendants fancifully allege that they complied with the Court's requirements by (a) providing a supplemental production "in February" of some 96 documents, Defendants produced *before* the issuance of the Court's Minute Order, *and weeks before each Defendant executed the declarations required by Court.* (See, Decl. of Eduardo Roy at paragraphs 2-6.) Defendants' counsel fraudulently represent to the Court that the Defendants' supplemental productions in "February 2026" were somehow responsive to the Court's Order, where clearly the productions predated what the Court later required! Moreover, no Defendant has provided a comparison of what records they uncovered as part of their initial searches for documents in responses to the Plaintiff's production demand and what they found subsequently using the search terms and the like, which are articulated in their declarations regarding searches. (See, Plaintiff's Motion at p. 4: 25 – 27; and Decl. of Eduardo Roy at paragraphs, 6-8.) Plaintiffs categorically assert without prevarication that following the Minute Order, and after the Defendants each issued their required Declarations, "Not one Defendant turned over a single document. " (See, Motion at p. 2:14, 15.) The Court should view such actions as flagrantly violating its Minute Order.

2. **None Of The Defendants' Declarations Meet The Call Of The Court's 2/18/2026 Minute Order By Providing The Specificity Mandated.**

Regardless of the timing of Defendants' productions, the fact that Defendants may have produced some documents in early February does not relieve them of complying with the Court's order where such actions still fail to identify what each Defendant found <u>with specificity</u>. And where Defendants continue to indicate they have withheld privileged and/or constitutionally protected materials (Opp. at p. 3: 20), the Court's Order necessitates that each Defendant create a privilege log, creating a record of what each Defendant "found". Defendants did nothing to challenge the Court's Minute Order, they have waived their respective rights to do so; and their persistence is continuing with such objections after the Court has twice denied them a protective order is not inadvertence it is a blatant disrespect to this Court's Order. Again, it is evident that it

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS
AND FOR FORENSIC IMAGING (DKT 162-1)
Case No. 3:24-cv-05517-DGE - 5

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

remains a deliberate litigation strategy to obstruct and delay regardless of this court's orders. (See Motion at p. 4:21 – 24, and Fn. 1 above citing *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988).)

> **B.    Defendants' Concede That To Date Their Discovery Responses Have Been Improper and Sanctionable And Warrant The Court Granting Plaintiff Sanctions.**

Almost uniformly Defendants provided improper, if not sanctionable, responses to the Plaintiff's prior production requests, like, "NONE AVAILABLE,"  "I DO NOT HAVE EVIDENCE THAT SUPPORTS THE CLAIMS AGAINST ME",  and "NONE I CAN RECALL," and many of the Defendants refused to provide any documents whatsoever in response to Plaintiffs requests.  (See, Motion at p.7:7 – 10 regarding Elen Tesfaghiorghis's responses; p. 8:13 – 17 for Yordanos Gebregiorgis's responses and production; p. 9:14 – 19 for Temesghen Kashay's responses; and p. 10:14 – 17 for Afewerki Tesfamariam as indicative of other defendants.)  And even where some of the Defendants produced collectively the 96 documents that were included within Defendants February 12, 2026 production, Defendants still failed to provide: (a) code compliant responses to the Plaintiff's Production Requests; and (b) supplemental responses that identified with specificity those documents that it had, or would produce; and (c) those documents which Defendants would not produce because of an inability to do so, or claiming a privilege.  (See Motion at pp. 7 through 16. ) Hence, Plaintiff seeks default judgments against Defendants who responded in the above manner, and produced no, or very few records, and namely Elen Tesfaghiorghis (Motion at p. 7), Yordanos Gebregiorgis (Motion at p. 8),  Temesghen Kashay (Motion at p. 9),  Haile Tseada (Motion at p. 10); Afewerki Tesfamariam (Motion at p. 10); Gebrehiwet Teklehaimanot (Motion at p. 10); Hadush Birhane (Motion at p. 11);  Henok Gebrekidan (Motion at p. 11); Saba Kidane Heritage (Motion at p. 12); and Solomon Gebreyesus (Motion at p. 14).   At page 20 of its Motion, Plaintiff concluded, and Defendants did not address that:

> Beyond Tesfamariam, Brhane, Kahsay, and Tseada—who produced literally nothing— several other Defendants produced so little as to be functionally equivalent to producing nothing. Henok Gebrekidan produced 13 gathering photographs and nothing else, despite having livestreamed

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS
AND FOR FORENSIC IMAGING (DKT 162-1)
CASE NO. 3:24-cv-05517-DGE - 6

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

the riot on EriSAT accounts that Plaintiff cannot access. Gebrehiwet Teklehaimanot produced no documents at all and claimed at deposition not to remember receiving the production requests. Esayas Tesfamicael produced nothing, despite having livestreamed the full riot and acknowledged posting video to multiple platforms.

(Motion at p. 20:1 – 7.)

For Defendants Elen Tesfaghiorghis, Hadush Birhane, Temesghen Kashay, Solomon Gebreyesus, Yordanos Gebgregiorgis, Esayas Tesfamicael and Saba Kidane Heritage, Plaintiff has also provided thar each has actively destroyed evidence after the litigation has commenced and Defendants did not contested this and therefore admit it.  (Motion at p. 20: 19 – 20.)  Such relief, if not default relief for the latter, is appropriate.

Apart from this, when Plaintiffs themselves used the search terms identified by Defendants and those that are reasonable under the circumstances, Plaintiff was able to identify numerous social media posts and responsive electronic media that Defendants failed to identify. (See, prior Decl. of Isaac Araya, which is cited throughout Plaintiff's Motion,  which was never contested by Defendants.)  Further, Plaintiffs were able to identify other social media links and accounts to Defendants Elen Tesfaghiorghis, Yordanos Gebregiorgis, Temesghen Kashay, Hadush Birhane, and Saba Kidane Heritage, that had existed but are no longer available online, potentially indicating acts of spoilage. (See, Motion at pp. 7 through 16 where Plaintiff's provided  summaries of defendants' deceptive omissions, none of which were addressed by Defendants.)  Defendants' collective efforts to conceal, if not having destroyed, responsive records warrant the "further just orders" and relief listed at p. 6 of Plaintiff's Motion and the relief identified by Plaintiff at pages 23 at 1. through 6.[7]

---

[7] 1. Establishing as proven against each Defendant the facts identified in the Notice of Motion, including trespass and intentional interference with EAGS's contractual relationships;
2. Prohibiting each Defendant from offering evidence at trial as to any matter that should have been produced in discovery but was not—including social media content, financial records, and communications withheld or destroyed;
3. Sanctioning Defendants who invoked constitutional or privilege objections in direct contravention of this Court's two prior orders denying protective orders;

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS AND FOR FORENSIC IMAGING (DKT 162-1)
CASE NO. 3:24-cv-05517-DGE - 7

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

Plaintiff did not download all of those video links where they were once available and are now disadvantaged where Defendants may have removed or destroyed such videos. (See all instances identified in the Decl. of Isaac Araya, which are provided in the Plaintiff's Motion.) Those deletions are egregious flagrant actions warranting the relief listed at p. 6 of Plaintiff's Motion and in Plaintiff's "Conclusion", included within fn. 7 below.

### C. Individual Defendants Are Also Guilty Of  Further Discovery Abuses Having Altered Their Counsel's Suggested Compliance Declarations And Having Used Restrictive Search Terms.

Defendants' counsel provided Defendants with what appeared to be a standardized form for each Defendant to follow. (See, Motion at p. 5:5 – 9, Prior Roy Decl. ¶¶ 24-25.) In an act of defiance and in order to deceive this court the following Defendants deleted sections from the standardized form created by their counsel in order to deceive this court and Plaintiff.  Those defendants included Elen Tesfaghiorghis, Esayas Tesfamicael and Saba Kidane Heritage.  And no less than seven Defendants, which included Afewerki Tesfamariam, Awet Tsehaye, Esayas Tesfamicael, Haile Tseada, Saba Kidane Heritage, Yonaton Tewelde and Yordanos Gebregiorgis also used over-restrictive search terms and did so where searches should have led to the production of Plan A letters, which Defendants failed to produce, unless and until Plaintiffs first revealed having obtained those letters through FOIA requests. (Motion p. 5:10 – 19.).) Defendants do not dispute this in their Opposition, where such actions warrant the relief and sanctions sought by Plaintiff.

---

4. Entering default judgment against Defendants Afewerki Tesfamariam, Hadush Brhane, Temesghen Kahsay, and Haile Angesom Tseada, each of whom responded to every production request with a blanket refusal;

5. Treating as contempt of court the failure of Defendants Awet Tsehaye, Elen Tesfaghiorghis, Esayas Tesfamicael,  Gebrehiwet Tecklehaimanot, Henok Gebrekidan, Saba Kidane Heritage, Solomon Gebreyesus, Yonatan Tewelde and Yordanos Gebgregiorgis to comply with the February 18, 2026, Minute Order and their affirmative destruction of responsive evidence after litigation commenced; and

6. Awarding EAGS its reasonable attorney's fees and costs incurred in pursuing discovery, independently investigating Defendants' social media and public records, and preparing this motion, with a fee declaration schedule set by the Court.

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS
AND FOR FORENSIC IMAGING (DKT 162-1)
CASE NO. 3:24-cv-05517-DGE - 8

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

### D. Sanctions Against Each Defendants Is Further Warranted Having Continued To Withold The Financial Records Sought By Plaintiff.

At page 4: 19 – 21 of its Opposition, Defendants assert, "Defendants also made supplemental productions, including financial and travel records post-deposition, and indicated their commitment to continued supplementation where appropriate." Defendants also claimed to have provided a post-deposition supplemental production of a July to August 2023 United Airline travel change. (See, Opposition at pp. 10: 21-26; p. 11:1 – 2.) Defendants did so without providing such records to the Court, and without counsel identifying which defendants who produced them. Even a cursory review of Exhibits 1 and 2 to Julian Jones Decl. will evidence that that statement cannot be supported in fact.

## III. CONCLUSION

Every one of the thirteen Defendants violated this Court's February 18, 2026, Minute Discovery Order. Not a single Defendant identified what documents they found. Not a single Defendant produced any document in response. The following Defendants destroyed evidence after their depositions: Elen Tesfaghiorghis, Esayas Tesfamicael, Gebrehiwet Tecklehaimanot, Hadush Birhane, Henok Gebrekidan, Saba Kidane Heritage, Solomon Gebreyesus, Temesghen Kashay, Yonatan Tewelde and Yordanos Gebgregiorgis. The following Defendants invoked, without any standing to do so, and in its Opposition continue to invoke, constitutional objections this Court has twice rejected: Henok Gebrekidan, Saba Kidane Heritage and Yonatan Tewelde. The result is that EAGS must go to trial without the documentary evidence it is entitled to— evidence that, based on Plaintiff's independent investigation, demonstrably exists. For the foregoing reasons, Plaintiff EAGS respectfully requests that this Court enter an Order consistent with Plaintiff's request at p. 23 of its Motion, including,

1. Establishing as proven against each Defendant the facts identified in the Notice of Motion, including trespass and intentional interference with EAGS's contractual relationships;

2. Prohibiting each Defendant from offering evidence at trial as to any matter that should have been produced in discovery but was not—including social media content, financial records, and communications withheld or destroyed;

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS
AND FOR FORENSIC IMAGING (DKT 162-1)
CASE NO. 3:24-cv-05517-DGE - 9

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

3.    Sanctioning Defendants who invoked constitutional or privilege objections in direct contravention of this Court's two prior orders denying protective orders;

4.    Entering default judgment against Defendants Afewerki Tesfamariam, Hadush Birhane, Temesghen Kahsay, and Haile Angesom Tseada, each of whom responded to every production request with a blanket refusal; and Awet Tsehaye, Elen Tesfaghiorghis, Esayas Tesfamicael, Gebrehiwet Tecklehaimanot, Henok Gebrekidan, Saba Kidane Heritage, Solomon Gebreyesus, Yonatan Tewelde and Yordanos Gebgregiorgis for destruction and/or withholding of evidence during litigation;

5.    Treating as contempt of court the failure of Defendants Awet Tsehaye, Elen Tesfaghiorghis, Esayas Tesfamicael, Gebrehiwet Tecklehaimanot, Henok Gebrekidan, Saba Heritage Kidane, Solomon Gebreyesus, Yonatan Tewelde and Yordanos Gebreghiorghis to comply with the February 18, 2026, Minute Order <u>and their affirmative destruction of responsive evidence after litigation commenced</u>; and

6.    Awarding EAGS its reasonable attorney's fees and costs incurred in pursuing discovery, independently investigating Defendants' social media and public records, and preparing this motion, with a fee declaration schedule set by the Court.

7.    Plaintiff erred in failing to include within its March 16, 2026, motion the attorney's fees of $16,387.50 at 475 an hour, in attorney's fees and $1,143,32 in costs for co-counsel Todd Wyatt.

8.    Expenses incurred by EAGS's principal Isaac Araya in attending the Defendants depositions and for the cost of interpreters and translation. Those fees of and costs of $30,784.76 are provided in the attached Declaration of Isaac Araya in support of this Reply.

Respectfully submitted,

Dated: April 9, 2026                    **WYATT GRONKSKI PLLC**

By:  _/s/ Todd Wyatt_
_____
TODD WYATT, WSBA #31608
Attorneys for Plaintiff
ERITREAN ASSOCIATION IN GREATER SEATTLE

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS
AND FOR FORENSIC IMAGING (DKT 162-1)
CASE NO. 3:24-cv-05517-DGE - 10

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

540 Newport Way NW, Suite 200
Issaquah, WA 98027
T: 425-395-7784
E: todd@wdlawgroup.com

Dated: April 9, 2026                        **PROMETHEUS PARTNERS L.L.P.**


By:  */s/ Eduardo G. Roy*
EDUARDO G. ROY
Attorneys for Plaintiff
ERITREAN ASSOCIATION IN GREATER
SEATTLE
*PRO HAC VICE*
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
T: 415.527.0255
E: eduardo.roy@prometheus-law.com

REPLY ISO MOTION TO COMPEL, FOR SANCTIONS
AND FOR FORENSIC IMAGING (DKT 162-1)
CASE NO. 3:24-cv-05517-DGE - 11

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255