The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

ERITREAN ASSOCIATION IN GREATER SEATTLE, a Washington Not for Profit Corporation,

Plaintiff,

vs.

HENOCK TECKLE GEBREKIDAN, a Maryland citizen, SABA KIDANE HERITAGE, a California citizen, AWET TSEHAYE, an Oklahoma citizen, ELEN TESFAGHIORGHIS, a Texas citizen, SOLOMON  GEBREYESUS, a California citizen, YORDANOS GEBREMICHAEL GEBREGIORGIS, a California citizen, TEMESGHEN KAHSAY, a North Carolina citizen, HAILE ANGESOM TSEADA, a California citizen, AFEWERKI TESFAMARIAM, a Georgia citizen, YONATAN TEWELDE, a Pennsylvania citizen,  ESAYAS TEWOLDE TESFAMICAEL, a Pennsylvania citizen, GEBREHIWET TEKLEHAIMANOT, a California citizen, HADUSH BRHANE, a Kentucky citizen, and DOES 1 through 150, inclusive,

Defendants.

Case No. 3:24-cv-05517-DGE

**DECLARATION OF ISAAC ARAYA IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL, FOR SANCTIONS, AND FOR FORENSIC IMAGING (DKT. 162-1)**

**NOTE ON MOTION CALENDAR: APRIL 13, 2026**

DECLARATION OF ISAAC ARAYA
CASE NO. 3:24-cv-05517-DGE

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

I, Isaac Araya. do declare that,

1.    I am a resident of the State of Washington, a citizen of the United States of America.  I am a founding member of, and a principal within, Plaintiff ERITREAN ASSOCIATION IN GREATER SEATTLE, (hereafter, "EAGS"), a Washington Not for Profit Corporation in the above-referenced matter.  I make this declaration based on firsthand knowledge, save for limited instances where I do so based on information and belief.

2.    Throughout this litigation I have served as the client representative for EAGS and have attended each and every deposition, in person or by Zoom, taken by EAGS counsel, Eduardo Roy, Esq., and Todd Wyatt, Esq., of the 13 defendants in this action.  I have also attended each any every Court hearings in this matter.

3.    As I provided in my prior declaration in support of the underlying motion, I have firsthand knowledge with the collective social-media activity of the 13 Defendants, regarding their public statements, and the evidence relevant to this case.  Prior to the commencement of this lawsuit, I have monitored and continue to monitor each defendants' social-media activity with the assistance of digital and social-media personnel.

4.    Beginning in May 2023, EAGS began tracking threats of violence directed at the August 2023 EAGS Festival.

5.    In reviewing the Defendants' Opposition to Plaintiff's Motion for Sanctions, not one named Defendant disputed any claim I made found in my sworn declaration that Defendants have intentionally withheld documents and electronic records, failed to provide any financial records, and the majority of defendants have even taken offline and destroyed media so that Plaintiffs cannot access it where Discovery is now closed.

6.    Tacitly, Defendants agree with the conclusions I provided in my declaration that:
- Defendants collectively used more than 50 social-media accounts, messaging platforms, and devices during the relevant period.

- Since the beginning of the litigation many accounts have been deleted, renamed, or concealed, requiring extensive cross-referencing of screenshots, videos, public records, and deposition testimony.

DECLARATION OF ISAAC ARAYA
CASE NO. 3:24-cv-05517-DGE - 1

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

- The analysis required to reconstruct Defendants' activity was significantly hindered by Defendants' deletions, omissions, and false statements in their sworn declarations.

- The most critical evidence—including raw videos, livestreams, internal communications, and planning materials—was deleted or withheld.

7. Collectively, Defendants' actions have only served to run up EAGS's attorney's fees and cost and prolong this litigation at great expense to EAGS while Defendants and their counsel have coordinated false privilege assertions, sought protective orders without cause, skirted Court Orders, including the Minute Order at issue, provided false or misleading declarations and used the time expended while doing so to continue their spoilation of evidence. I believe that only by appointing an independent forensic review at Defendants' own cost, will the Court and Plaintiff discover the full extent of the Defendants' efforts to remove and destroy evidence.

8. Three of the 13 defendants, Henok Grebrekidan, Saba Heritage Kidane and Yonatan Tewelde, have asserted "journalistic privilege" in this matter, but each of the three admitted in deposition, in part, that they were not acting exclusively as journalists in connection with their protest of EAGS Festival. (See fn.4 of the Plaintiff's Reply and the excerpts from the deposition of those defendants, which is included as attachments to the Declaration of my counsel, Eduardo Roy, Esq.) These false claims of privilege by Defendants and their counsel were used to withhold raw videos, riot footage, and planning-meeting recordings. Journalist privilege was again raised in Dkt. 166 despite repeated Court rulings that no such privilege exists.

9. Each of these three "journalists" later attacked the Festival publicly broadcast their threats, livestreamed their actions, and posted subsequent admissions of their conduct. Due to the volume of material, I downloaded and preserved key videos, posts, and links in June 2023. From these materials, I identified the defendants and the group responsible for the attack.

DECLARATION OF ISAAC ARAYA
CASE NO. 3:24-CV-05517-DGE - 2

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

**FORENSIC IMAGING IS NECESSARY**

10.    Given the deletions, omissions, contradictions, and selective production described above, forensic imaging is the only reliable method to recover deleted, withheld, or concealed materials.

**SANCTIONS MATRIX AND REQUEST FOR DEFAULT JUDGMENT**

11.    Based upon the transgressions I have outlined in my prior declaration in support of Plaintiff's motion, below is a corresponding matrix summarizing each Defendant's conduct and the corresponding sanctions sought.  EAGS urges the Court to consider this in line with the relief sought in Plaintiff's motion and reply:

**Sanctions Matrix**

| Defendant | DJ | CT | AI | FD | CD | EP | EC | FS |
|---|---|---|---|---|---|---|---|---|
| Afewerki Tesfamariam | ✓ |  | ✓ |  |  | ✓ |  | ✓ |
| Hadush Brhane | ✓ |  | ✓ |  |  | ✓ |  | ✓ |
| Temesghen Kahsay | ✓ |  | ✓ |  |  | ✓ |  | ✓ |
| Haile Angesom Tseada | ✓ |  | ✓ |  |  | ✓ |  | ✓ |
| Elen Tesfaghiorghis | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | Yiakl | ✓ |
| Yordanos Gebregiorgis | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | Team Freedom International | ✓ |
| Saba Heritage | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | EriSAT | ✓ |
| Esayas Tesfamicael |  | ✓ | ✓ | ✓ | ✓ | ✓ | Yiakl | ✓ |
| Yonatan Tewelde |  | ✓ | ✓ | ✓ | ✓ | ✓ |  | ✓ |
| Awet Tsehaye | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | Yiakl | ✓ |
| Henok Gebrekidan | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | EriSAT | ✓ |
| Gebrehiwet Teklehaimanot | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |  | ✓ |
| Solomon Gebreyesus | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |  | ✓ |

**Legend:**

**DJ**: Default Judgement
**CT**: Contempt
**AI**: Adverse Interference
**FD**: Forensic Imaging
**CD**: Compliance Declarations

DECLARATION OF ISAAC ARAYA
CASE NO. 3:24-CV-05517-DGE - 3

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255

**EP**: Evidentiary Preclusions
**EC**: Entity Control Sanctions
**FS**: Fee Shifting

12      If Defendants Elen Tesfaghiorghis, Yordanos Gebregiorgis, Saba Heritage, Esayas Tesfamicael, Yonatan Tewelde, Awet Tsehaye, and Henok Gebrekidan do not collectively produce the riot footage, email communications, and unaltered video recordings of the Gathering, I request that the Court elevate their contempt exposure to default judgment.

13.      These individuals have acted as primary organizers and decision-makers and have exercised control over the nonprofit entities that I am lead to believe financed, organized, and carried out the events that damaged EAGS property, and that are now financing their personal legal defense.

14.      If the Court determines that a direct default judgment is warranted based on the current record, I will support the Court exercising that authority.

## COSTS INCURRED BY EAGS

15.      Previously, EAGS counsel, Mr. Roy inadvertently omitted from Plaintiff's motion those cost I incurred on behalf of EAGS related to 13 depositions taken in January and February 2026:

- Travel expenses (air, lodging, food, ground transport): $9,669.96
- Deposition translators (61 hours): $5,125
- Time (205 hours at my rate of $78/hr. : $15,990
- **Total:** $30,784.96

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.  Executed on April 9, 2026, in Seattle, Washington.

*/s/ Isaac Araya*
ISAAC ARAYA

DECLARATION OF ISAAC ARAYA
CASE NO. 3:24-CV-05517-DGE - 4

PROMETHEUS PARTNERS L.L.P.
1950 Broadway, 30th Floor, Suite 3011
Oakland, CA 94612
415-527-0255