UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERITREAN ASSOCIATION OF GREATER SEATTLE, | CASE NO. 3:24-cv-05517-DGE |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION TO WITHDRAW AS COUNSEL (DKT. NO. 171) |
| v. | |
| HENOCK TECKLE GEBREKIDAN et al., | |
| Defendants. | |

Before the Court is Defendants' motion for an order permitting Julian Jones, attorney for Defendants, to withdraw as counsel in this matter.  (Dkt. No. 171.)  Mr. Jones departed Stockwell Law Firm on April 10, 2026.  (*Id.* at 1.)  Defendants do not object to Mr. Jones's withdrawal.  (*Id.* at 2.)  Defendants state they will not be prejudiced by Mr. Jones's departure, because Chris Stockwell of Stockwell Law Firm remains counsel of record, is "already familiar with the case and remains actively involved, and "will continue to represent the Defendants in this action without interruption."  (*Id.*)

ORDER ON DEFENDANTS' MOTION TO WITHDRAW AS COUNSEL (DKT. NO. 171) - 1

Local Civil Rule 83.2(b)(1) sets forth the conditions under which an attorney may withdraw from representation in a civil case:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3).  Leave shall be obtained by filing a motion or a stipulation and proposed order for withdrawal or, if appropriate in a criminal case, by complying with the requirement of CrR 5(g).  A motion for withdrawal shall be noted in accordance with LCR 7(d)(3) or CrR 12(b) (criminal cases) and shall include a certification that the motion was served on the client and opposing counsel.  A stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party.  If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number.  The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case, and at the discretion of the court in a criminal case.

In deciding a motion to withdraw, courts in this district examine factors including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Wagner v. King Cnty.*, Case No. 2:21-cv-00508-TL, 2022 WL 268831, at *1 (W.D. Wash. Jan. 28, 2022) (citation omitted).  District courts have discretion to approve or deny a motion to withdraw as counsel.  *McNall v. Pac. Ret. Servs., Inc.*, 859 Fed. App'x 48, 49 (9th Cir. 2021) ("We review for an abuse of discretion a district court's ruling on an attorney's motion to withdraw.").

Here, although the discovery deadline has passed (*see* Dkt. No. 105), counsel for Defendants has represented that (1) all Defendants and counsel of record have been notified of Mr. Jones's departure;[1] (2) Mr. Stockwell remains counsel of record for Defendants and is

---

[1] Although Defendants did not provide a "certification that the motion was served on . . . opposing counsel[,]" LCR 83.2(b)(1), they assert in their motion they notified "all counsel of record." (Dkt. No. 171 at 2.)  In the interest of moving this case forward, and because Mr. Jones

ORDER ON DEFENDANTS' MOTION TO WITHDRAW AS COUNSEL (DKT. NO. 171) - 2

familiar with the case; (3) Mr. Jones's withdrawal will not prejudice Defendants, delay proceedings, or impact any scheduled deadlines; and (4) no substitution of law firm is required because Defendants are only seeking the withdrawal of Mr. Jones.  (Dkt. No. 171 at 2.)  The Court further notes that no further discovery will be necessary in this case and there is still more than a month before the dispositive motion deadline.  (*See* Dkt. No. 165 at 2) (resetting dispositive motion deadline for May 22, 2026).  Most fundamentally, because Mr. Stockwell remains counsel of record, there is no risk of prejudice to Defendants or to Plaintiff.

Accordingly, the Court GRANTS Defendants' motion for withdrawal of attorney Julian Jones (Dkt. No. 171).  The Clerk shall update the docket to reflect that Mr. Stockwell of Stockwell Law Firm remains the only counsel of record for Defendants.

Dated this 13th day of April 2026.

David G. Estudillo
United States District Judge

has apparently already departed Stockwell Law Firm, this Court will find Defendants' motion sufficient under the Local Rules.

ORDER ON DEFENDANTS' MOTION TO WITHDRAW AS COUNSEL (DKT. NO. 171) - 3