UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERITREAN ASSOCIATION OF GREATER SEATTLE,

Plaintiff,

v.

HENOCK TECKLE GEBREKIDAN et al.,

Defendants.

CASE NO. 3:24-cv-05517-DGE

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 212)

This matter comes before the Court on Defendants' motion for attorney fees and request for sanctions (Dkt. No. 212), filed in response to the Court's invitation to do so in its order granting Plaintiff's motion for reconsideration (Dkt. No. 194) of its original order striking Plaintiff's response to Defendants' Daubert motion. (*See* Dkt. Nos. 186, 187.) The Court refers to its order granting Plaintiff's motion for reconsideration (Dkt. No. 194) for an explanation of the underlying facts.

In its motion for attorney fees, Defendants seek fees under both 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11(b), as well as sanctions based on the Court's "inherent

authority[.]" (Dkt. No. 212 at 3.) Defendants seek fees that were incurred in the preparation of (1) Defendants' response to Plaintiff's motion for extension of time, (2) Defendants' response to Plaintiff's motion for reconsideration, (3) Defendants' motion for attorney fees, and (4) Defendants' reply in support of their Daubert motion. In response, Plaintiff appears not to oppose the granting of attorney fees related to the motion for extension of time and motion for reconsideration but argues that its actions, while lacking in diligence, did not amount to sanctionable conduct. (*See* Dkt. No. 225 at 2.)

Though the Parties seek to litigate the propriety of sanctions (*see* Dks. Nos. 212 at 2–4; 225 at 2–5; 226 at 1–6), the Court did not request such argument. Rather, the Court invited Defendants via minute order to file a motion for attorney fees "related to (1) Defendants' response to Plaintiff's motion for extension of time (Dkt. No. 183) and (2) Defendants' response to the Court's order to show cause related to Plaintiff's motion for extension of time (Dkt. No. 192)." (*See* Dkt. No. 194 at 2.) Therefore, the Court will analyze a fee award in accordance with this invitation and declines to entertain Defendants' request for sanctions at this time.

The lodestar method is "the default principle for fee calculation in Washington." *Brand v. Dep't of Labor & Indus.*, 989 P.2d 1111, 1119 (Wash. 1999) (Talmadge, J., concurring). Washington law presumes that a properly calculated lodestar figure represents reasonable compensation for counsel. *Henningsen v. Worldcom, Inc.*, 9 P.3d 948, 959 (Wash. Ct. App. 2000). The lodestar method multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *McGrath v. Cnty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995). After calculating this, courts may consider twelve factors in determining whether it is necessary to adjust the presumptively reasonable lodestar figure, to the extent they are relevant. *Id.* at 252 & n.4; *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.

1975) *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992) (describing the twelve factors).

Here, Defendants include the following information in their request for fees:

- Attorneys Chris Stockwell and Sayer Rippey's time is billed at a rate of $400 per hour;
- Paralegal Amy Adams's time is billed at a rate of $175 per hour; and
- Defendants and Plaintiff apparently agreed to billing increments of 15 minutes.

(Dkt. No. 213 at 1.) Defendants provide a table for each time entry that includes the date, hours worked, the billing attorney/paralegal, the relevant matter, and the overall cost of that work. (*See id.* at 2–3.) Defendants request a total of $11,406 in attorney fees, representing the $10,206 included in the initial fee calculation and an additional four hours of attorney work (totaling $1,200) related to drafting and filing their reply in support of their motion for attorney fees to address arguments raised by Plaintiff in opposition. (*See* Dkt. No. 226 at 6.)

The Court finds that Defendants' request for fees generally is reasonable. First, Plaintiff does not dispute Defendants' hourly rates, time expended, or time entries. (*See generally* Dkt. No. 225.) Second, in the Court's experience, Defendants' rates are aligned with prevailing market rates in the relevant community. *See Salyer v. Hotels.com GP, LLC*, Case No. C13-1966-RSL, 2015 WL 3893079, at *2 (W.D. Wash. June 23, 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)) ("The court may rely on its own knowledge and experience regarding fees[.]"). Finally, the Court explicitly invited Defendants to file a motion requesting attorney fees. (*See* Dkt. No. 194.)

However, some of Defendants' fee calculations are flawed. For example, on May 26, 2026, Mr. Stockwell purportedly worked on "Emails to Sayer and Eduardo Roy" from 10:00–10:30, but recorded two hours of work at $400 per hour. (Dkt. No. 213 at 2.) That same day,

Ms. Rippey "Draft[ed] and file[d] response to motion for extension of time" from 3:15–4:30 but recorded 1.75 hours of work at $400 per hour. (*Id.*) Because of these erroneous calculations, the Court has fully reviewed Defendants' time entries and will award fees as follows:

| Date | Time | Person | Description | Hours | Cost |
|---|---|---|---|---|---|
| May 25, 2026 | 4:45–5:15 | Mr. Stockwell | Email Eduardo re: extension for Daubert | 0.5 | $200 |
| May 26, 2026 | 10:00–10:30 | Mr. Stockwell | Emails to Sayer and Eduardo Roy | 0.5 | $200 |
| May 26, 2026 | 3:15–4:30 | Ms. Rippey | Draft and file response to motion for extension | 0.75 | $300 |
| May 28, 2026 | 10:30–12:15 | Ms. Rippey | Draft Reply to Daubert Motion | 1.75 | $700 |
| May 28, 2026 | 1:15–1:30 | Mr. Stockwell | Review Judge order re: EAGS Daubert Research | 0.25 | $100 |
| June 2, 2026 | 9:15–10:30 | Mr. Stockwell | Review EAGS Motion to Reconsider; conference with Sayer; email clients | 1.25 | $500 |
| June 2, 2026 | 10:45–4:45 | Ms. Rippey | Reviewing and drafting response to motion for reconsideration | 6.0 | $2,400 |
| June 3, 2026 | 8:45–9:00 | Ms. Rippey | Edits to response to reconsideration motion | 0.25 | $100 |
| June 3, 2026 | 9:15–11:45 | Mr. Stockwell | Review/file response to EAGS Motion to Reconsider | 2.5 | $1,000 |
| June 3, 2026 | 11:00–11:30 | Ms. Adams | Review federal filing process with attorney; draft proposed order regarding reconsideration | 0.5 | $87.50 |
| June 4, 2026 | 9:45–10:00 | Ms. Rippey | Conference with Chris and Amy re: motion for attorney fees, Daubert, and motion for reconsideration | 0.25 | $100 |
| June 4, 2026 | 12:00–1:00 | Ms. Adams | Draft background for attorney fee motion; | 1.0 | $175 |

| | | | | | |
|---|---|---|---|---|---|
| | | | draft legal standard; begin draft legal arguments for fees | | |
| June 11, 2026 | 7:30–9:00; 9:30–11:00 | Ms. Rippey | Finish Daubert reply | 3.0 | $1,200 |
| June 11, 2026 | 8:00–9:00; 10:15–1:00 | Mr. Stockwell | Reviews EAGS Daubert filing, our reply, and our response for SJ;[1] compile billed hours for fees motion filing | 3.25 | $1,300 |
| June 11, 2026 | 9:45–10:00 | Ms. Adams | Draft declaration for Daubert Reply | 0.25 | $43.75 |
| June 11, 2026 | 11:45–12:30; 2:00–3:00 | Ms. Rippey | Motion for Fees | 1.75 | $700 |
| June 11, 2026 | 4:30–4:45 | Mr. Stockwell | Review Motion for Fees draft | 0.25 | $100 |

The total fee award comes to **$9,206.25**.

Finally, the Court declines to award Defendants additional attorney fees related to "drafting and filing the present Reply[.]" (Dkt. No. 226 at 6.) Though the Court appreciates that Defendants wanted to respond to Plaintiff's argument regarding sanctions, it was Defendants who initially expanded the scope of the Court's invitation and requested sanctions, rather than simply filing a motion for attorney fees as instructed by the Court. (*See* Dkt. No. 212 at 2–3) (describing standards for awarding sanctions under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11(b)). Further, in their request for fees related to their reply, Defendants do not specify who performed the work (i.e., Mr. Stockwell or Ms. Rippey), when the work was

[1] It is unclear why Mr. Stockwell included time spent reviewing the response to Plaintiff's motion for summary judgment in Defendants' fee request, as the Court did not include such time in its invitation to file a motion for attorney fees. (*See* Dkt. No. 194 at 2.) Further, this time entry is vague, as Mr. Stockwell does not specify how much time was spent on the summary judgment response in comparison to the other tasks on this list. Accordingly, the Court thinks it reasonable to deduct 0.5 hours from this time entry, which will be reflected in the fee award table.

performed, and what tasks, precisely, the billing attorney was involved in. (*See* Dkt. No. 226 at 6.) Because this additional fee entry is not detailed enough for the Court to assess its reasonableness, the request for an additional $1,200 in attorney fees is DENIED.

As a final note: Defendants filed two proposed orders associated with the motion for attorney fees. (*See* Dkt. Nos. 214, 227.) As the Court has explained to the Parties in this lawsuit already (*see* Dkt. No. 165 at 2), proposed orders should not be filed on the docket because they are not a proper motion; pursuant to Local Civil Rule 7(b)(1), proposed orders should be sent via email to chambers in an editable format. Accordingly, Dkt. Nos. 214 and 227 are STRICKEN.

In conclusion, Defendants' motion for attorney fees (Dkt. No. 212) is GRANTED in part. Defendants are awarded **$9,206.25** in attorney fees as detailed in the table above. Defendants' request for an additional $1,200 in attorney fees related to their reply in support of their motion (Dkt. No. 226) is DENIED.

Dated this 31st day of July 2026.

David G. Estudillo
United States District Judge