UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERITREAN ASSOCIATION OF GREATER SEATTLE,<br>Plaintiff,<br>v.<br>HENOCK TECKLE GEBREKIDAN et al.,<br>Defendants. | CASE NO. 3:24-cv-05517-DGE<br><br>ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO EXCLUDE EXPERT TESTIMONY (DKT. NO. 236) |

Before the Court is Plaintiff's motion for reconsideration (Dkt. No. 236) of the Court's recent order granting Defendants' motion to exclude expert testimony (Dkt. No. 235), brought pursuant to Local Civil Rule 7(h). For the reasons that follow, Plaintiff's motion is DENIED.

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*

*Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Reconsideration is not "intended to provide litigants with a second bite at the apple." *Gaskill v. Travelers Ins. Co.*, Case No. C11-5847, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff requests reconsideration of three aspects of the Court's order excluding Plaintiff's witnesses as follows:

1. Vacate the Federal Rule of Civil Procedure 26(a)(2)(B)(iv)–(v) ground for excluding both experts, because the Order imposed the Rule 37(c)(1) sanction of exclusion without the findings the Ninth Circuit requires when that sanction operates as a dismissal;

2. As to Mr. Quintero, admit his opinions subject to cross-examination or, in the alternative and as an expressly lesser sanction, permit EAGS to serve a supplemental report confined to methodology within fourteen days, with Defendants free to depose Mr. Quintero at EAGS's expense and to designate a rebuttal expert; and

3. As to Mr. Essa, reinstate only those portions of the amended disclosure that correct erroneous citations to regulations already relied upon in his original report. EAGS does not seek reinstatement of the new opinions concerning the German Shepherd dog and the generators, which the Order properly struck as untimely.

(Dkt. No. 236 at 2.)

First, as to the Rule 26-based requests for reconsideration (grounds one and three), the Court concludes that even if it found Plaintiff's failure to disclose certain information as required by Federal Rule of Civil Procedure 26 was substantially justified or harmless, there are still

independent reasons to exclude Quintero's and Essa's opinions. Put differently, even if the Court ultimately granted Plaintiff's motion on grounds one and three and concluded Plaintiff's failure to disclose was indeed harmless and reinstated Essa's corrected citations, the ultimate outcome of the Court's order at Dkt. No. 235 would not change. The Court appreciates that Ninth Circuit precedent requires it to "consider whether the claimed noncompliance" involved willfulness, fault, bad faith, or harmlessness under Federal Rule of Civil Procedure 37(c)(1). (Dkt. No. 236 at 3); *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 & n.1 (9th Cir. 2012). But the fact of the matter is that even if the Court engaged in a full Rule 37 analysis, there are still substantive issues with both Quintero's and Essa's reports that would warrant exclusion. To illustrate: Quintero would be excludable because (1) he was likely unqualified as a damages expert in this case, but even if he was qualified; (2) his methodology for his damages calculation is unreliable; and (3) his damages calculations were not supported by underlying data. Essa would be excludable because (1) he is not qualified to testify as an expert on Washington food safety requirements; and (2) he failed to include the exhibits he reviewed in his expert report, which prejudiced Defendants. The Court explained these bases in its order granting Defendants' *Daubert* motion. (*See* Dkt. No. 235 at 7–10, 16–18.) The Court therefore declines to reconsider the parts of its ruling involving Plaintiff's failures to disclose or correct under Rule 26 as those parts have no impact on the remaining bases for finding Quintero's and Essa's opinions excludable.

Second, as to the request for reconsideration of Quintero's expert report, Plaintiff has not shown that the Court committed a "manifest error" in excluding Quintero's testimony for lack of a reliable methodology. LCR 7(h)(1). Plaintiff argues cross examination is a more appropriate means to determine the reliability of his proffered evidence. (Dkt. No. 236 at 4–5.) As the Court

explained in its order excluding Quintero's testimony, Rule 702 does not allow trial courts to engage in "freeform factfinding," but it does allow courts to exclude testimony if it concludes there is "'simply too great an analytical gap between the data and the opinion proffered[.]'" *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1026 (9th Cir. 2022) (citation omitted). That is exactly what the Court did. Quintero's report did not explain *how* he used information in an "objective, testable way to arrive at his opinions" (Dkt. No. 235 at 9); he merely stated that his methods involved "reviewing, researching and analyzing financial statements and forecasts, operating plans, product roadmaps, the competitive landscape, and other barriers to entry." (Dkt. No. 195 at 5.) It is unclear from Quintero's report how he used this unspecific list of methods to arrive at the damages data contained in the Festival Profit and Loss spreadsheet. (*See* Dkt. No. 175-1 at 34–36.) Accordingly, the Court concluded Quintero did not have "'sufficient factual grounds on which to draw conclusions[,]'" and therefore, his opinion was excludable under Rule 702. *Elosu*, 26 F.4th at 1026 (citation omitted). Plaintiff may *prefer* that Quintero's opinions be cross-examined, rather than excluded—but a motion for reconsideration "should not be used to ask a court to rethink what the court has already thought through—rightly or wrongly." *Gaskill*, 2012 WL 13026638, at *1 (citing *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)).

In conclusion, while Plaintiff disagrees with the Court's findings in its order excluding Plaintiff's experts, Plaintiff has not identified a manifest error in the Court's analysis that would meet the high bar of Local Civil Rule 7(h)(1). *See id.* ("Mere disagreement with a previous order is an insufficient basis for reconsideration[.]"). Plaintiff's motion for reconsideration (Dkt. No. 236) is therefore DENIED.

Dated this 7th day of August 2026.

David G. Estudillo
United States District Judge